■ In the Matter of CHARLES J. HYNES, Petitioner, v CAESAR CIRIGLIANO et al., Respondents.—Proceeding pursuant to CPLR article 78 in the nature of a writ of prohibition seeking to bar the respondent Justice Cirigliano from enforcing an order dated January 27, 1992, which directed that the petitioner provide to the respondent Nelson a copy of any statements, including any videotaped statements, given to the police or any other law enforcement officials, prior to his appearance before the Grand Jury.

Adjudged that the application is granted, on the law, without costs or disbursements, and the respondent Justice Cirigliano is prohibited from enforcing the order dated January 27, 1992.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" *(Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *accord, Matter of Rush v Mordue,* 68 NY2d 348, 353).

Discovery in a criminal proceeding is entirely governed by statute *(see, People v Copicotto,* 50 NY2d 222, 225), and CPL 240.20 (1) directs that a prosecutor shall disclose written or recorded statements "upon a demand to produce by a defendant against whom an indictment, superior court information, prosecutor's information, information or simplified information * * * is pending". In the instant case, a felony complaint has been filed, but no indictment has yet been obtained against the respondent Nelson, who seeks to review a copy of his videotaped statement. Since the respondent Nelson is not a person described by CPL 240.20 as a person entitled to such

discovery, the respondent Cirigliano acted in excess of his authority in directing that such discovery be provided to him. Mangano, P. J., Thompson, Bracken, Sullivan and Harwood, JJ., concur.