OPINION OF THE COURT
Robert E. Lynch, J.
Prefatory Note: On November 28, 1995, petitioner Ronald Faulkner, defendant Stella Lacy and defendant Calvin Smith (hereinafter collectively referred to as defendants) were arrested and charged by felony complaint with murder in the second degree in connection with the November 22, 1995 strangulation death of Paul L. Lacy. During arraignment on the felony complaint in Schenectady City Court, the District Attorney advised that he was undertaking an investigation to determine if any of the defendants could or should be charged with murder in the first degree, which carries with it the potential penalty of death. At that time, counsel for each of the defendants advised the District Attorney that their clients wished to exercise their right to testify before the Grand Jury when it considered the matter of their indictments on November 30, 1995. In an effort to prepare their clients for their Grand Jury appearances, defense counsel requested the *888 District Attorney make available to them copies of statements their clients had made to the police in connection with this investigation. The District Attorney refused and this prompted defendants to make application in Supreme Court for, among other things, an order compelling the District Attorney to turn over the statements. The court issued the following bench decision on these applications:
We are back on the record in People v Lacy, People v Smith and Matter of Faulkner v Carney. In each of these cases, the defendants seek an order dismissing the accusatory instruments and an order directing the District Attorney to turn over to each defendant a copy of his or her statement so it can be reviewed prior to the time each testifies before the Grand Jury. In People v Smith, the defendant also seeks an order precluding the People from using his statement due to an assertedly defective CPL 710.30 notice.
I have had an opportunity to carefully consider the documentation submitted and to reflect on the arguments of counsel made yesterday afternoon. After such consideration, I render the following decision:
First, that part of the three applications which seek an order dismissing the accusatory instruments is dismissed, sua sponte. Review of the arraignment transcript shows that during that proceeding each defendant made a motion to dismiss the accusatory instrument on the same grounds that are asserted here and those motions were denied by the City Court Judge. If defendants feel that the City Court Judge’s ruling was erroneous, which obviously they do, their remedy is to appeal those decisions to County Court, not to seek de novo review in this court by commencing a special proceeding.
That part of the applications which seeks an order compelling the District Attorney to turn over defendants’ statements is also denied. In my view, defendants’ requests for statements are in the nature of discovery. Accordingly, their discoverability is governed by CPL 240.20. Under the plain language of CPL 240.20 and the case law interpreting it, the right to discovery, which includes the right to obtain a copy of one’s own statement, is triggered by the pendency of an indictment, an information, a superior court information, a prosecutor’s information or a simplified information charging a misdemeaner. Here, none of these are presently pending against the defendants. At this time, all concede they are all being held pursuant to arraignments on felony complaints. As the Appel *889 late Division, Second Department, held recently in Matter of Hynes v Cirigliano (180 AD2d 659), a felony complaint is not one of the items enumerated in the statute and, as such, its pendency does not entitle an accused to CPL 240.20 discovery. The court notes that the Court of Appeals denied leave in Matter of Hynes v Cirigliano (79 NY2d 757).
Nor am I persuaded that the plain language of CPL 240.20 and the Appellate Division decision in Matter of Hynes v Cirigliano (supra) is somehow inapplicable to these criminal prosecutions because in these cases there is a potential that the District Attorney will elect to seek the death penalty. Accepting defendants’ arguments that the constitutional mandates of due process and fundamental fairness are of paramount importance in a capital case, this court can find no Federal or State constitutional requirement that would necessitate changing the well-settled procedural rules in this State regarding Grand Jury proceedings and criminal prosecutions for cases involving or potentially involving the death penalty. Nor can I find any support for defendant’s arguments in the death penalty legislation itself. Indeed, in examining the legislative history surrounding its enactment, it is important to note that the Legislature saw fit to change many procedural and substantive aspects of criminal law and procedure, but that it did not make any changes to the well-settled rules of discovery. If any effect is to be given to the rule that statutes are to be construed consistent with the intent of the Legislature, the inescapable conclusion to be drawn from the Legislature’s failure to act in this regard is that no changes were intended to be made in the discovery process in a death case.
Finally, as regards the defendant Smith, his request for an order of preclusion is denied at this point as premature. While it does appear that the CPL 710.30 notice served by the District Attorney on November 28, 1995 fails to contain the specificity required by the Court of Appeals in People v Lopez (84 NY2d 425), the 15-day period for service of such notice has not expired. Accordingly, the People have ample time to amend it.