■ In the Matter of JAMES M. CATTERSON, JR., Appellant, v JOHN J. J. JONES, JR., et al., Respondents. [650 NYS2d 993] —Proceeding pursuant to CPLR article 78 to prohibit the enforcement of (1) an order of the County Court, Suffolk County, dated June 25, 1996, which, in a criminal action entitled *People v Chang* under Suffolk County Indictment No. 1326A-96, granted the motion of the defendant therein, Gairy Y. Chang, *inter alia*, which was to direct that the District Attorney preserve and refrain from destroying, altering, etc., any evidence in the case, to the extent that the office of the District Attorney was directed not to perform, authorize, direct, or otherwise knowingly permit any test to be performed on evidence gathered in this case which would consume or alter it in such a way as to make further testing impossible, and (2) an order of the same court, dated September 5, 1996, which, in a criminal action entitled *People v Taylor* under Suffolk County Indictment No. 1377-96, granted the motion of the defendant therein, Robert Taylor, *inter alia*, which was to direct that the District Attorney preserve and refrain from destroying, altering, etc., any evidence in the case, to the extent that the office of the District Attorney was directed not to perform, authorize, direct or otherwise knowingly permit any test to be performed on evidence gathered in this case which would consume or alter it in such a way as to make further testing impossible.

Adjudged that the petition is granted, without costs or disbursements, and the enforcement of the orders of the County Court, Suffolk County, dated June 25, 1996, issued in the criminal action *People v Chang*, and dated September 5, 1996, issued in the criminal action *People v Taylor*, respectively, is prohibited *(see, Matter of Pirro v LaCava*, 230 AD2d 909). Bracken, J. P., Rosenblatt, Ritter, Thompson and Sullivan, JJ., concur.