■ In the Matter of CHARLES S. HIRSCH et al., Petitioners, v L. PRISCILLA HALL et al., Respondents. [660 NYS2d 989] —Proceeding pursuant to CPLR article 78 to prohibit the enforcement of an order of the Supreme Court, Kings County, dated November 27, 1996.

Adjudged that the petition is granted, without costs or disbursements (see, *Matter of Hynes v Hall,* 240 AD2d 746 [decided herewith]). Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.

■ In the Matter of CHARLES J. HYNES, Petitioner, v L. PRISCILLA HALL et al., Respondents. [660 NYS2d 1001] —Proceeding pursuant to CPLR article 78 to prohibit the enforcement of an order of the Supreme Court, Kings County (Hall, J.), dated November 27, 1996, which, in a criminal action entitled *People v Almonte* under Kings County Indictment No. 15059/96, granted the pre-indictment application of the defendant therein, Juan Almonte, Jr., *inter alia,* which was to direct that the District Attorney, the New York City Police Department, and the Office of the Chief Medical Examiner preserve and refrain from destroying, altering, etc., evidence in the case, to the extent that the above-named agencies were directed not to initiate or continue forensic testing of such evidence, immediately inform the court that testing of a particular item will entirely consume or alter the particular item, and not initiate or continue to subject the particular item to forensic testing unless given express permission by the court.

Adjudged that the petition is granted, without costs or disbursements, and the enforcement of the order of the Supreme Court, Kings County, is prohibited (see, *Matter of Pirro v LaCava,* 230 AD2d 909; *Matter of Catterson v Jones,* 233 AD2d 502). Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.