OPINION OF THE COURT
Anne G. Feldman, J.
Defendant is charged with 12 counts of murder in the first degree, five counts of attempted murder in the first degree, six counts of murder in the second degree, one count of attempted murder in the second degree, two counts of assault in the first *655 degree, five counts of robbery in the first degree, and one count of criminal possession of a weapon in the second, third and fourth degrees. He moves to dismiss the indictment on the ground that the Grand Jury presentation was defective absent an instruction on intoxication. Defendant asserts that his statements to the police which the prosecution submitted to the Grand Jury were sufficient to warrant such an instruction. Moreover, in light of this court’s decision in People v Prater (170 Misc 2d 327), defendant also argues that intoxication is the functional equivalent of a "complete” defense to the charge of murder in the first degree and therefore must be charged to the Grand Jury.
The prosecution opposes defendant’s motion, pointing out that intoxication is a mitigating rather than a complete defense and therefore need not be charged to the Grand Jury. The prosecution also asserts that in any event the evidence of intoxication in this case was insufficient to warrant such a charge.
The prosecution presented evidence to the Grand Jury which established, through eyewitness testimony, that defendant alone perpetrated a robbery during which he deliberately killed three people and seriously injured a fourth. Part of this presentation was defendant’s written statement in which he claimed that he had been enlisted to participate in the robbery by another regular patron of the social club who had provided him with a handgun, and who, during the robbery, had grabbed the gun from his hand, causing it to discharge. In that statement defendant also said that: "It was about 6:30 p.m. I started drinking and getting high, smoking weed & coke. I then left, it was about 1:30 a.m. * * * Saturday morning. I went to club 432 — I sniff and smoke a little in there. I left & * * * ran into Mitch, he said come and hang out a little bit at K.P.’s * * * at 178 Jefferson. I smoke some coke at J.P.’s which [sic] Mitch. I just went crazy after that.” The individual accused by defendant as his coperpetrator testified before the Grand Jury, stating that he was one of the surviving innocent patrons who witnessed the commission of the crime. Aside from defendant’s statement no other evidence of intoxication was presented to the Grand Jury.
In People v Prater (supra), this court determined that were the defendant in that case to present sufficient evidence to support the affirmative defense of extreme emotional disturbance the Grand Jury should be instructed as to the legal impact of such evidence. I reasoned:
*656 "Notwithstanding the decisions in People v Lancaster (supra) and People v Valles (62 NY2d 36), where the Court of Appeals held that the prosecution was not required to instruct a Grand Jury concerning affirmative defenses which would not completely preclude prosecution, this court believes such an instruction should be given here.
"Both decisions antedate the death penalty statute. In People v Valles (supra, at 38), the Court held that a particular defense need only be presented to the Grand Jury when it has the 'potential for eliminating a needless or unfounded prosecution’. When warranted by the evidence in a prospective capital case, an instruction to the Grand Jury on extreme emotional disturbance would extend Valles and could allow the Grand Jury to consider this 'potential’. An unnecessary prosecution for murder in the first degree with its attendant complications and extreme repercussions could thus be avoided.” (People v Prater, supra, at 332.)
Intoxication, like extreme emotional disturbance, vitiates the intent required to commit the crime of murder in the first degree. Accordingly, where sufficient evidence supports a claim of intoxication in connection with a first degree murder charge, the reasoning in Prater (supra) requires such an instruction.
Defendant’s statement here describes, at most, a single felony murder accidentally caused during the course of a robbery. Consequently, defendant’s claim of intoxication, taken in the context of his version of the incident, bears no relationship to the charge of first degree murder.
Accordingly, defendant’s motion is denied