*616 OPINION OF THE COURT
Richard C. Giardino, J.
The defendant named above stands charged, upon a felony complaint filed in the Town Court of the Town of Bleecker, New York, with the crime of murder in the second degree, as defined in Penal Law § 125.25. Defendant has been arraigned and a preliminary hearing has been held, wherein it was the decision of this court, sitting as the Bleecker Town Court, that defendant should be bound over for proceedings before the Grand Jury of this County. Defendant has waived the 45-day time limit for presentment to the Grand Jury, and presentment has yet to occur. The District Attorney has informed defendant and the court that the possibility still exists for presentment of a charge of murder in the first degree.
By order to show cause dated March 3, 1998, defendant has requested court orders mandating the discovery of evidence in the hands of the prosecution and directing the District Attorney to preserve all evidence. Defendant’s motion, originally scheduled to be heard on March 5th, was adjourned to March 13th, at which time oral arguments were heard in the presence of defendant. Based on my preliminary research, I rendered a partial decision from the Bench at that time, ordering the prosecution to refrain from undertaking any scientific test which would entirely consume or destroy any item of evidence without first giving five days’ notice to the court and to the defense, in order to preserve the status quo pending the issuance of this written decision. This decision and order modifies and supplements that decision.
Several of defendant’s requests involve discovery of statements made by defendant to law enforcement personnel. Given the early stage of these proceedings, no ruling has yet been made, or requested, as to the admissibility in evidence of these statements. Due to the sensitive nature of some of the events related in defendant’s statements, there exists a potential for prejudice to both sides should those events be exposed to public scrutiny prematurely. With the concurrence of the People and defendant, the proceedings thus far have been closed to the public, papers filed with the court dealing with defendant’s statements have been sealed pending further order of the court, and no discussion of the facts will be undertaken here.
*617 defendant’s discovery requests
Defendant centers his motion on the constitutional guarantee of access to exculpatory evidence possessed by the prosecution, as enunciated by the United States Supreme Court (Brady v Maryland, 373 US 83). Defendant argues that the evidence he seeks is relevant to two issues about which he may wish to testify before the Grand Jury. The first of these is the defense of extreme emotional disturbance, which is set out specifically in Penal Law § 125.25. The second is intoxication, which could possibly negate the element of intent required for conviction of second degree murder. Defendant asserts that he needs the requested discovery in order to have a meaningful opportunity to exercise his right under CPL 190.50 to testify before the Grand Jury, and to request the presentation of certain evidence to the Grand Jury.
The prosecution asserts, and defendant acknowledges, that discovery upon court order is limited by CPL 240.40 (1) to cases where “an indictment, superior court information, prosecutor’s information, information, or simplified information charging a misdemeanor is pending”. This case has not proceeded to the point of indictment. The pendency of a felony complaint does not entitle defendant to discovery under CPL 240.40 (Matter of Faulkner v Carney, 166 Misc 2d 886, 889, citing Matter of Hynes v Cirigliano, 180 AD2d 659). Moreover, the Court of Appeals has held flatly that there is no general constitutional right to discovery in criminal proceedings (Matter of Miller v Schwartz, 72 NY2d 869). The possibility that defendant may be charged with a capital offense does not change the scenario. As has been noted in other judicial decisions, the Legislature, in enacting the Capital Offenders Law, did not amend CPL 240.40 (People v Hale, 167 Misc 2d 872; Matter of Faulkner v Carney, supra).
Defendant argues, however, that “over-arching imperatives premised on constitutional rights and fundamental fairness” (People v Colavito, 87 NY2d 423, 427) mandate discovery of evidence which may bolster or corroborate defendant’s own testimony before the Grand Jury as to his potential defenses of extreme emotional disturbance and intoxication. Defendant calls attention to two decisions by Justice Feldman of Supreme Court, Kings County: People v Prater (170 Misc 2d 327) and People v Harris (174 Misc 2d 654). In those decisions, Justice Feldman reviews requested Grand Jury instructions as to potential defenses, including the defenses of extreme emotional disturbance and intoxication. She notes that the Court of Ap *618 peals has previously held that Grand Juries can be instructed only as to exculpatory defenses, not mitigating defenses. Instruction as to exculpatory defenses would serve to avoid needless or unfounded prosecutions, but mitigating defense instruction would not (People v Prater, supra, at 332, citing People v Lancaster, 69 NY2d 20; People v Valles, 62 NY2d 36). Justice Feldman also observes, however, that the Court of Appeals issued these rulings prior to the enactment of the Capital Offenders Law. She holds that the reasoning behind the Lancaster and Valles decisions on exculpatory defenses applies with equal force to instruction on mitigating defenses in capital cases. Since a capital murder case is far more complex, involves vastly greater investment of resources by both sides and carries a greater stigma for the accused, allowing instruction to a Grand Jury as to potential mitigating defenses would serve the same end called for in the Lancaster and Valles decisions by avoiding needless or unfounded prosecutions for murder in the first degree (People v Harris, supra, at 656).
While there is logic in the reasoning employed by Justice Feldman, the position asserted by defendant in this case stretches that logic beyond its intended use. The Prater and Harris cases (supra) involve instructions given to Grand Juries after evidence of potential defenses has been presented by a defendant. Justice Feldman herself held that preindictment discovery was not available to the defendant (People v Prater, supra, at 329-330). Defendant here requests preindictment discovery, prior to the presentation of any evidence to the Grand Jury, for which there simply is no statutory or constitutional basis (CPL 240.40; Matter of Miller v Schwartz, supra).
defendant’s requests for preservation of evidence
Defendant requests two orders relative to preservation of evidence: (a) that no evidence be destroyed or altered, and (b) that all tests or experiments be halted pending further order of this court. Requests of this type, when grounded on the rights of an accused to discovery under CPL article 240, have been soundly rejected by the courts (see, e.g., Matter of Pirro v LaCava, 230 AD2d 909, lv denied 89 NY2d 813). It has also been noted that the District Attorney has a preexisting duty to preserve evidence which might be essential to the defense (see, e.g., People v Hale, 167 Misc 2d 872, 875, supra, citing People v Martinez, 71 NY2d 937; People v Kelly, 62 NY2d 516). A court order mandating preservation would thus be redundant.
Sanctions ranging from preclusion of evidence to dismissal of the indictment are available for violation of the duty to *619 preserve evidence, with the choice of appropriate sanction reserved to the sound discretion of the trial court (CPL 240.70 [1]; People v Kelly, supra). In the Kelly opinion, the Court of Appeals stated that the “overriding concern must be to eliminate any prejudice to the defendant while protecting the interests of society” {supra, at 520-521).
A problem raised by defendant in this case is the preservation of evidence which is to be subjected to scientific testing, and through normal testing methods, may be consumed or destroyed. The destruction or loss of evidence that is central to a particular case, such as a blood sample, can work against both of the interests sought to be protected under the Kelly analysis. In a case cited by both sides on this motion, one appellate court found it necessary to reverse a conviction for crimes including criminally negligent homicide, vehicular manslaughter and vehicular assault, and to order a new trial, due to the loss of the defendant’s blood sample through mere inadvertence (People v Scalzo, 176 AD2d 363). The effort, time and expense required for a second complete trial did not serve the interests of either the defendant or the People.
Some courts have attempted to fashion a remedy which protects against prejudice to a defendant from loss of evidence without requiring the prosecution to preserve all evidence (see, e.g., People v Castillo, Sup Ct, Westchester County, Dec. 22, 1995, Lange, J., indictment No. 95-1678 [requiring the prosecution to notify defense counsel of any items of evidence which, in the prosecution’s view, did not require preservation, and to make any such items available to the defense for inspection and preservation; requiring the prosecution to make available for inspection and photographing by the defense any item which would be subjected to scientific testing; and requiring the prosecution to preserve a portion of any item which would be consumed by scientific testing, and where that was not possible, to give the defense at least five business days’ notice of the test, so that the defense could have an appropriate expert present during the test]) or imposing impermissible preindictment discovery (People v Almonte, Sup Ct, Kings County, Nov. 27, 1996, Hall, J., docket No. 96K083173 [directing the prosecution to refrain from testing which would entirely consume physical evidence without court permission]). I relied on the reasoning from these decisions in my ruling from the Bench at oral argument. Further reading on the issue has shown, however, that this line of reasoning is not likely to survive appellate review. The Appellate Division, Second Department, *620 has equated preservation of evidence with preindictment discovery (Matter of Pirro v LaCava, supra). The Court of Appeals denied leave to appeal that decision, and the Second Department later used the same reasoning to strike down the attempt in the Almonte case to preserve evidence in what appeared to be a nonintrusive fashion (Matter of Hynes v Hall, 240 AD2d 746).
While I remain concerned about the potential consequences of inadvertently lost or destroyed evidence, the difficulty of fashioning a safeguard against that possibility without forcing improper preindictment discovery dictates the result on this portion of defendant’s motion. I emphasize and remind the People of their duty to preserve evidence, but going beyond that appears to be impracticable.
Based on the foregoing analysis, it is hereby ordered, that the order issued from the Bench at oral argument on March 13, 1998, directing the District Attorney to refrain, pending notice to the court and defendant, from subjecting any evidence to scientific testing if such testing would destroy or exhaust the evidence, is hereby lifted; and it is further ordered, that defendant’s motion brought on by order to show cause dated March 3, 1998, is denied in all respects.