OPINION OF THE COURT
Carolyn E. Demarest, J.
Defendant Vladymir Campos has been indicted for three counts of murder in the first degree, three counts of murder in the second degree, three counts of robbery in the second degree, and criminal possession of a weapon in the second and third degrees. As of the date of this decision, the People have yet to give notice of their intent to seek the death penalty in this case. Pursuant to CPL 250.40 (2), the People have 120 days from the date of arraignment to file notice. Defendant has moved for dismissal of the indictment pursuant to CPL 190.50 (5); 210.20 (1) (c); 210.35 (4) and People v Evans (79 NY2d 407 [1992]). Defendant claims that by refusing to respond to his Grand Jury requests, the People deprived him of effective assistance of counsel in deciding whether to testify before the Grand Jury.
At criminal court arraignment on January 16, 1998, defendant was charged by felony complaint with murder in the first degree, as well as lesser charges arising out of the same incident. On that day, the People served notice pursuant to CPL ,190.50 and defense counsel served cross notice of defendant’s intention to testify before the Grand Jury. The case was adjourned to January 20, 1998. In the absence of Grand Jury action, release of defendant would be mandated at 3:00 p.m. on January 21, pursuant to CPL 180.80, unless waived.
On the morning of January 20, 1998, defendant sent a letter to the District Attorney as legal advisor to the Grand Jury requesting, inter alia-, disclosure of exculpatory and mitigating evidence, giving of certain legal instructions to the Grand Jury, notice of the charges to be presented, and presentation of mitigating evidence to the Grand Jury. At oral argument before this court, defense counsel acknowledged that they were timely advised of the People’s intention to charge defendant with three counts of first degree murder. On the afternoon of January 20, 1998, in criminal court, defense counsel stated, however, that defendant was unprepared to testify until the requests in the letter were answered. Assistant District Attorney Adam Charnoff stated that the letter, received by fax at approximately 9:35 a.m. the same day, had been taken under advisement by the attorney prosecuting the case, and that he was in no posi *639 tion to speak definitively on the matter. Defendant had been arraigned on Friday, January 16, 1998. Monday, January 19, Martin Luther King, Jr.’s birthday was observed and the courts were closed. According to defense counsel, the earliest feasible opportunity for them to make their demand for discovery and instruction was the morning of Tuesday, January 20.
On January 20, 1998, criminal court Judge Kaye repeatedly offered to send defendant directly over to the Supreme Court to testify before the Grand Jury. Defense counsel indicated that defendant would not testify until a response to the letter they had faxed to the People that morning had been provided. Judge Kaye offered to extend CPL 180.80 if defendant was willing to waive it. Defense counsel was adamant in their refusal to withdraw CPL 190.50 notice or consent to an extension of CPL 180.80 time beyond 3:00 p.m. on January 21, 1998. The case was adjourned to January 21, 1998 at 2:00 p.m. so that the matter could be resolved before CPL 180.80 time ran. Defendant never received a formal response to his requests and the People have admitted in Supreme Court that the requests were never addressed in this case.
On January 21, 1998 (well beyond the 2:00 p.m. call specified on January 20), the District Attorney’s office handed up a certification that the instant indictment had already been voted. It does not appear that defense counsel made any application to the court prior to this late call. Defendant was arraigned in Supreme Court on February 26, 1998, and entered a not guilty plea.
Defendant claims that defense counsel was unable to give effective advice on whether to testify before the Grand Jury because the People did not provide rulings of law and failed to meet its expanded Brady obligations. He argues that since the Grand Jury is empowered to exercise mercy based on the particular facts of the case and indict a defendant for a lesser charge than the evidence'supports, the presentation of mitigating evidence could cause it to return a true bill for a lesser offense than first degree murder. Defendant further contends that the People claim that he made several statements — oral, written, and videotaped — and that without knowing the substance of his own statements placed in evidence before the Grand Jury, and having only his own recollection to draw from, he was in no position to decide whether it would be in his interest to testify regarding the statements.
The People argue that defendant’s rights are limited to those provided him by statute: “he is entitled to notice of the Grand *640 Jury proceeding only after he has been arraigned on a felony complaint * * * he is entitled to testify before the Grand Jury after waiving immunity; and he is entitled to request that the Grand Jury hear witnesses on his behalf’ (affirmation in opposition — mem of law, at 4, dated Mar. 18, 1998). Relying on CPL 240.20 (1) and 240.40 (1), the People argue that since a felony complaint is not one of the items enumerated in the statute for which pretrial discovery is made available to criminal defendants, they were under no obligation to respond to defendant’s January 20, 1998 letter. Relying on People v Prater (170 Misc 2d 327, 329-330 [Sup Ct, Kings County 1996]) and People v Bastien (170 Misc 2d 103, 105 [Sup Ct, NY County 1996]), the People argue that defendant was given a reasonable opportunity to testify before the Grand Jury but declined, thereby waiving his right to testify, and is not now entitled to dismissal of the indictment pursuant to CPL 190.50 (5); 210.20 (1) (c) and 210.35 (4). They contend that the Legislature did not intend to impart “heightened due process” rights to capital defendants at the guilt phase of the case, arguing that neither statutory nor case law provides defendant with the right to present mitigating evidence to a Grand Jury.
Clearly, the People had a duty to respond to defendant’s January 20, 1998 letter in a timely manner. However, as the People point out, the Capital Defender’s Office has made the same requests unsuccessfully in several prior cases brought by the Kings County District Attorney and had reason, therefore, to know that the requests would not be granted. (See, e.g., People v Prater, supra; People v Johnson, 168 Misc 2d 798 [Sup Ct, Kings County 1996].) They are also presumed to know that their demands lack merit in law.
“Discovery in a criminal proceeding is entirely governed by statute.” (Matter of Hynes v Cirigliano, 180 AD2d 659 [2d Dept 1992]; see also, Matter of Miller v Schwartz, 72 NY2d 869, 870 [1988] [no general constitutional right to discovery in a criminal proceeding].) CPL 240.20 (1) and 240.40 (1) provide that discovery on demand or by motion is available only to a defendant “against whom an indictment, superior court information, prosecutor’s information, information, or simplified information charging a misdemeanor is pending”. At the point of Grand Jury presentation, defendant, accused only upon a felony complaint, was not statutorily entitled to discovery. Although the Legislature enacted many changes to the Criminal Procedure Law to implement the death penalty, its decision to leave the discovery statute “unaltered is a clear indication that the exist *641 ing rule is operative in capital cases.” (People v Rodriguez, 168 Misc 2d 219, 227 [Sup Ct, NY County]; see, People v Cajigas, 174 Misc 2d 472, 485 [Westchester Comity Ct 1997] [New York State Legislature in enacting “Death Penalty Statute” made no revisions of CPL article 240].) In People v Prater (supra), the court expressly held that the People are not required to furnish preindictment discovery to a defendant potentially facing the death penalty to assist in deciding whether to testify before the Grand Jury. In People v Hale (167 Misc 2d 872, 875), the court held that “an individual facing a capital murder charge is not entitled to discovery until he is indicted.” Since the law is well settled, the People should have responded unequivocally in court when they had an opportunity; however, had defendant truly felt the need to know the People’s response prior to giving testimony, he could have waived the CPL 180.80 time, which he refused to do.
This court finds that defendant was afforded a reasonable and meaningful opportunity to testify before the Grand Jury. The “concept of reasonableness is not a stagnant one and must be applied to the particular facts of any given case.” (People v Taylor, 142 Misc 2d 349, 351 [Sup Ct, Queens County 1989].) Defendant was afforded a clear and definite opportunity to testify when criminal court Judge Kaye offered to send him over to the Grand Jury prior to submission of the charges for a vote, consistent with CPL 190.50. As of January 16, 1998, defendant was on notice pursuant to CPL 190.50 (5) (a) that the People intended to present the case to the Grand Jury. Time pursuant to CPL 180.80 was to expire on January 21 at 3:00 p.m. Five days’ notice is sufficient to qualify as a reasonable opportunity for defendant to exercise his right to testify. (See, People v Pugh, 207 AD2d 503 [2d Dept 1994] [four days’ notice upheld as a reasonable period of time]; People v Johnson, supra, at 800.)
While the potential for death as a punishment warrants stricter scrutiny at the penalty phase (see, California v Ramos, 463 US 992, 998-999 [1983]), a capital defendant is not entitled to more than “ordinary” due process at the guilt phase. The Constitution does not require that capital defendants be “exempted from any provision of the Criminal Procedure Law[,] * * * merely because they may ultimately be found to be subject to the death penalty.” (People v Rodriguez, 168 Misc 2d 219, 223 [Sup Ct, NY County 1996], supra.) The Criminal Procedure Law does not provide any mechanism by which a defendant may present mitigating evidence to the Grand Jury; *642 mitigating evidence is a component of the punishment phase of the case, which the Grand Jury does not consider. (People v Cajigas, supra, 174 Misc 2d, at 482; People v Bastien, 170 Misc 2d 103, 106, supra.) The question of whether a particular defense need be charged to the Grand Jury depends upon whether it is a mitigating or exculpatory defense. The latter would be properly before the Grand Jury, since the result could be a finding of no criminal liability, whereas the former would be an attempt to reduce the gravity of the offense committed and would not be properly within the parameters of Grand Jury consideration. (People v Valles, 62 NY2d 36, 38 [1984].) Defendant did not seek an instruction regarding an exculpatory defense.
The Grand Jury presentation is not meant to be an adversary proceeding. (People v Brewster, 63 NY2d 419, 422 [1984].) The fact that a defendant indicted for murder in the first degree could possibly face the death penalty does not change the Grand Jury’s function, which is “to investigate crimes and determine whether there exists sufficient evidence and a legal reason to believe that a citizen should stand publicly accused of a crime and be subjected to the task of defending against the accusations at trial”. (People v Franco, 86 NY2d 493, 499 [1995].) While it is true that a capital case is qualitatively different from all others, “it does not require a judicial rewriting or reinterpretation of the rules governing Grand Jury presentations.” (People v Prater, 170 Misc 2d 327, 329, supra.)
Defendant, in exercising his right to refuse to waive CPL 180.80, to withdraw his CPL 190.50 notice, or to testify without first receiving the information, thereby forced the prosecution to act. Defense counsel should have anticipated that the “criminal process would run its ordinary course in the absence of some extraordinary reason which would necessitate a delay or adjournment in that process such as the inability of a defense attorney to be available, the illness of a crucial witness, the unavailability and/or illness of the defendant or similar occurrences of that magnitude.” (People v Cajigas, supra, 174 Misc 2d, at 484; see, e.g., People v Coaxum, 164 Misc 2d 458, 461-462 [Sup Ct, Bronx County 1995].) Delays are not granted merely to “afford a defendant a more desirous position with respect to assimilating evidence and assessing whether or not he should testify before a Grand Jury.” (People v Cajigas, supra, at 484.) Forced by defendant to choose between concluding the Grand Jury presentation and obtaining an indictment, and having the defendant released at the CPL 180.80 day for lack *643 of an indictment, the People made the only reasonable choice. Given the obvious lack of merit in defendant’s position, this was also the correct choice. Defendant’s motion to dismiss is denied.