[672 NYS2d 373]

In the Matter of RICHARD A. BROWN, as District Attorney of
Queens County, Petitioner, v PEARLE APPELMAN et al.,
Respondents.

Second Department, April 27, 1998

---

### APPEARANCES OF COUNSEL

*Richard A. Brown, District Attorney* of Queens County, Kew Gardens (*Gary Fidel* and *Erin R. Apfel* of counsel), petitioner *pro se.*

*Rubinstein & Corozzo, P. C.,* New York City (*Ronald Rubinstein* of counsel), for Pearle Appelman, respondent.

*Legal Aid Society Capital Defense Unit,* New York City (*Gary A. Alexion, Miro F. Cizin, Edna Schwartz* and *Timothy B. Rountree* of counsel), for Richard Timmons, respondent.

### OPINION OF THE COURT

MILLER, J.

The instant proceeding raises a settled issue that has been litigated with renewed vigor in light of the reinstitution of capital punishment in this State. Notwithstanding that this is a potential capital prosecution, the Supreme Court still lacks the authority to afford murder suspects preindictment discovery of physical evidence. Accordingly, prohibition lies and we grant the petition of the District Attorney.

On or about June 8, 1997, Anita Stewart, Sharrone Stewart, and Aaron Stewart were killed in an apartment in Queens County. The apartment was the residence of Anita Stewart and her husband, Richard Timmons. On June 9, 1997, Richard Timmons was arrested and charged with, *inter alia,* first degree murder.

On June 12, 1997, prior to the presentation of evidence to a Grand Jury, Timmons's counsel submitted an order to show cause seeking various items of relief. Among other things, counsel requested that the police and other agencies of the prosecution refrain from destroying physical evidence. Specifically, counsel asked that, in the event any testing of physical evidence would result in the destruction of the sample, the defense be given advance notification so that a defense expert could be present. Additionally, Timmons's attorney asked that access be provided to the crime scene so that the defense could arrange for it to be photographed and videotaped. At court proceedings on June 19, 1997, the court granted those branches of Timmons's motion. The Assistant District Attorney in attendance lodged no objections to the defense requests.

On June 30, 1997, the People moved to reargue, contending that Timmons's counsel had not served the proper parties with his order to show cause resulting in a lack of personal jurisdiction, and that the court had no statutory authority to grant relief in the nature of preindictment discovery.

On July 11, 1997, the court granted reargument and adhered to its previous determination. The court's written order provided:

"ORDERED, that the prosecution shall notify the defense of any testing which it knows, in advance, will consume the entirety of any sample of evidence so that a defense expert representative may view, but not participate in, the testing; and it is further

"ORDERED, that after completion of the crime scene investigation, the prosecution shall notify the defense prior to the removal of the crime scene markings and allow the defense to enter to view and photograph the interior of the premises without altering, disturbing or removing any items from the premises".

The District Attorney of Queens County (hereinafter the petitioner) then commenced this proceeding pursuant to CPLR article 78 to prohibit the enforcement of the court's order. The petition charges, *inter alia,* that the court acted in excess of its jurisdiction in providing Timmons with preindictment discovery. Moreover, the petition charges that Timmons's rights were otherwise adequately protected by the safeguards attendant to all criminal prosecutions and that no greater safeguards are necessary merely because Timmons faces the possibility of a capital prosecution.

Pointing out that in August 1997 Richard Timmons was indicted on, *inter alia,* first degree murder charges, counsel for

the respondent Justice submitted an answer and a memorandum of law seeking to dismiss the proceeding as academic. In the alternative, the respondent contends that the petitioner has not demonstrated the need for prohibition since the prosecution will not suffer a grievous harm as a result of the respondent's order. The Capital Defense Unit of the Legal Aid Society (hereinafter Legal Aid) also submitted an answer and memorandum of law on Timmons's behalf, raising largely the same arguments as made by the respondent. Legal Aid further asserts that inasmuch as this is a potential capital case, heightened standards of review are warranted. The petition is granted.

We first consider the issue of mootness. Both the respondent Justice and Legal Aid argue that this proceeding should be dismissed because the issue raised, concerning authority to order preindictment discovery, is academic in light of the fact that Timmons was subsequently indicted. Moreover, they assert that the instant proceeding does not fall within the exception to the mootness doctrine (see, Matter of Hearst Corp. v Clyne, 50 NY2d 707). We disagree.

As the Court of Appeals has held, an appeal will generally be considered academic unless the parties will be directly affected by the determination thereof (see, Matter of Hearst Corp. v Clyne, supra, at 714). Here, insofar as Timmons has been indicted and pretrial criminal discovery procedures may be employed, technically any issues concerning his rights to preindictment discovery are academic. However, there is a well-recognized exception to the mootness doctrine. Notwithstanding that the parties may no longer be directly affected by the outcome of an appeal or proceeding, the court will retain and decide the matter if the issues raised are substantial and novel, they are subject to repetition, and they would otherwise likely evade review (see, Community Bd. 7 v Schaffer, 84 NY2d 148, 154; Matter of Codey [Capital Cities, Am. Broadcasting Corp.], 82 NY2d 521, 527; Cellular Tel. Co. v Village of Tarrytown, 209 AD2d 57, 63).

We conclude that the instant proceeding falls within the exception to the mootness doctrine. The issues raised in this proceeding are substantial, and, given the comparatively brief time period during which preindictment discovery may be in issue, they are likely to otherwise evade judicial review (Matter of Pirro v LaCava, 230 AD2d 909; Matter of Delores I., 214 AD2d 1021). Furthermore, in his supporting memorandum of law, the petitioner points out that preindictment discovery has

been requested in numerous other first degree murder prosecutions (*see, Matter of Hynes v Hall,* 240 AD2d 746; *Matter of Pirro v LaCava, supra; People v Shulman,* 172 Misc 2d 535; *People v Williamson,* 172 Misc 2d 172; *People v Prater,* 170 Misc 2d 327; *People v Bastien,* 170 Misc 2d 103; *People v Hale,* 167 Misc 2d 872). In light of efforts of the capital defense bar to secure every advantage for its clients, it is apparent that the issue of the availability of preindictment discovery in capital prosecutions may indeed be characterized as novel.

Turning to the merits, we conclude that the respondent Justice exceeded her authority in ordering the petitioner to preserve physical evidence, notify the defense so that a defense expert could observe testing of samples likely to be exhausted, and permit the defense to visit the crime scene.

Generally, the remedy of prohibition lies when a court acts without jurisdiction or exceeds its authorized powers in a proceeding over which it has jurisdiction (*see,* CPLR 7801, 7803; *Matter of Pirro v Angiolillo,* 89 NY2d 351, 355; *Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *Matter of Catterson v Rohl,* 202 AD2d 420). To warrant the extraordinary remedy of prohibition, it is not enough that the court make a mere legal error; rather, the court's error must implicate the court's very powers and thereby give the petitioner a clear legal right to relief to correct the error (*see, Matter of Pirro v Angiolillo, supra,* at 355-356; *Matter of Holtzman v Goldman, supra; Matter of Hynes v Tomei,* 237 AD2d 52).

Prohibition is not granted as of right but only in the sound discretion of the reviewing court (*Matter of Hynes v George,* 76 NY2d 500; *Matter of Holtzman v Goldman, supra*). In exercising this discretion, the reviewing court may weigh factors such as the gravity of the harm caused by the unauthorized act, whether the harm may be adequately corrected on appeal or by recourse to ordinary proceedings at law or in equity, and whether prohibition would furnish a more complete and efficacious remedy even when other methods of redress are technically available (*see, Matter of Rush v Mordue,* 68 NY2d 348, 354).

It is beyond cavil that discovery in criminal cases is generally a statutory right (*see, Matter of Miller v Schwartz,* 72 NY2d 869; *People v Copicotto,* 50 NY2d 222; *Matter of Catterson v Rohl,* 202 AD2d 420, *supra; Matter of Hynes v Cirigliano,* 180 AD2d 659). The Criminal Procedure Law contains no provision conferring upon an individual, charged only in a felony complaint, the right to discovery of evidence prior to indict-

ment (*see, People v Hale,* 167 Misc 2d 872, 875, *supra*). Indeed, CPL 240.20 confers upon a defendant, against whom an indictment is pending, the right to discover specified items of evidence, including scientific testing of physical evidence (*see, People v White,* 40 NY2d 797). Other provisions within CPL article 240 govern other aspects of pretrial discovery and the prosecution is obligated to act in good faith and preserve all evidence which a defendant is entitled to discover (*see, People v Martinez,* 71 NY2d 937; *People v Kelly,* 62 NY2d 516). However, nowhere within CPL article 240 is there any provision authorizing a Judge to order preindictment discovery.

This Court has consistently held that the Supreme Court and the County Court lack any authority to issue preindictment discovery orders relating to, *inter alia,* the testing and preservation of physical evidence; in such situations prohibition lies (*see, Matter of Hynes v Hall,* 240 AD2d 746, *supra; Matter of Catterson v Jones,* 233 AD2d 502; *Matter of Pirro v LaCava,* 230 AD2d 909, *supra*). This Court has similarly determined that prohibition lies against orders granting the defense access to photograph the apartment of the alleged victim of the crime (*see, Matter of Pirro v LaCava, supra; Matter of Kaplan v Tomei,* 224 AD2d 530).

Legal Aid argues at length that *Matter of Hynes v Hall (supra), Matter of Catterson v Jones (supra),* and *Matter of Pirro v LaCava (supra)* are factually distinguishable and thus do not preclude the relief granted in the instant matter. While great effort is exerted to distinguish these cases, Legal Aid does not cite any relevant authority supporting the granting of the preindictment discovery order at bar. Certainly the instant case is somewhat distinguishable from the aforecited cases insofar as in those cases, the orders being reviewed prevented the District Attorney from actually testing the physical evidence, whereas here the respondent has imposed a less drastic requirement that the District Attorney give notice to the defendant of any testing and allow a defense representative to be present. In addition, here we are dealing with the crime scene and not just the apartment of the victim as in *Matter of Kaplan v Tomei (supra).* Nevertheless, the instant proceeding is not distinguishable in a meaningful way. The irrefutable conclusion is that the Supreme Court and the County Court are without any authority to award an accused preindictment discovery of physical evidence, regardless of the specific type of discovery sought (*see, Matter of Hynes v Cirigliano,* 180 AD2d 659, *supra*). Thus, while factually distinguishable, the instant case falls squarely within the general rule.

In its answer and memorandum of law filed on behalf of Timmons, Legal Aid argues further that because this is a potential capital prosecution, heightened standards of review justify the granting of a motion for preindictment discovery to ensure evidentiary reliability. While certainly the potential imposition of a sentence of death is a matter of utmost concern, the Legislature has not recognized a special need for preindictment discovery in capital cases and such a right may not be judicially created (*see, People v Cajigas,* 174 Misc 2d 472; *People v Shulman,* 172 Misc 2d 535, 541, *supra; People v Rodriguez,* 168 Misc 2d 219). There simply is no heightened right to preindictment discovery in capital cases (*Matter of Hynes v Hall,* 240 AD2d 746, *supra; Matter of Pirro v LaCava, supra; People v Shulman,* 172 Misc 2d 535, *supra; People v Williamson,* 172 Misc 2d 172, *supra; People v Prater,* 170 Misc 2d 327, *supra; People v Bastien,* 170 Misc 2d 103, *supra; People v Hale,* 167 Misc 2d 872, *supra).* Moreover, insofar as there is no general constitutional right to discovery in a criminal case, the instant preindictment discovery order may not be premised upon notions of due process (*see, Matter of Miller v Schwartz,* 72 NY2d 869, 870, *supra).*

Accordingly, in the complete absence of any authority supporting the court's preindictment discovery order, and in the exercise of our discretion based upon the facts and circumstances of this case, the petition is granted and enforcement of the order of the Supreme Court, Queens County, dated July 11, 1997, is prohibited.

MANGANO, P. J., PIZZUTO and KRAUSMAN, JJ., concur.

Adjudged that the petition is granted, without costs or disbursements, and the enforcement of the order of the Supreme Court, Queens County, dated July 11, 1997, is prohibited.