OPINION OF THE COURT
John M. Leventhal, J.
Defendant is confined at Otisville Correctional Facility. Defendant was tried and found guilty, inter alia, of two counts of *109 rape in the first degree (Penal Law § 130.35). He was sentenced to an indeterminate term of imprisonment of 4 to 12 years.
Defendant ex parte moves for an order to allow a named polygraphist to enter the Otisville facility for the purpose of administering a lie detector examination to defendant. The defendant also moves for an order directing the Warden of Otis-ville to provide a suitable place for the administration of said exam.
Counsel for defendant contends that a lie detector exam need be performed on defendant to help prove his innocence and to aid in the preparation of a coram nobis application pursuant to CPL 440.10.
This court denies defendant’s ex parte application. Once a defendant has been sentenced, the court retains no jurisdiction over a “concluded” criminal action except as explicitly authorized by statute. (People v Stevens, 91 NY2d 270, 277.) Thus, this court is without authority to grant this application.
Assuming arguendo that this motion is an application for discovery in furtherance of or in anticipation of a CPL 440.10 motion, the relief sought would nonetheless be denied. There is no constitutional right (Weatherford v Bursey, 429 US 545, 559; Matter of Miller v Schwartz, 72 NY2d 869, 870) or common-law (People ex rel. Lemon v Supreme Ct., 245 NY 24, 28) right to discovery. Discovery is authorized and circumscribed by statute (see, People v Seeley, 179 Misc 2d 42, 50, citing People v Copicotto, 50 NY2d 222, 225; Matter of Hynes v Cirigliano, 180 AD2d 659). There are no discovery provisions under the Criminal Procedure Law for motions under CPL article 440. Courts cannot grant discovery where no statutory basis exists. (Matter of Sacket v Bartlett, 241 AD2d 97, 101; Matter of Pirro v LaCava, 230 AD2d 909, 910.)
Accordingly, defendant’s ex parte application is denied in all respects.