OPINION OF THE COURT
Joseph E. Fahey, J.
On June 21, 2002, the People requested a conditional examination of the victim in this case pursuant to article 660 of the Criminal Procedure Law due to the victim’s age, 90, and the *508 uncertain state of her health. The defendant opposed this application and asserts that if the application were granted, he would be entitled to all discovery encompassed by article 240 of the Criminal Procedure Law, as well as all prior testimony pursuant to section 240.45 of the Criminal Procedure Law, the prosecutor’s proposed voir dire and opening statement since it is contemplated that the conditional examination may be used at trial in place and instead of the witness should her health render her incapacitated. The People oppose this request.
Section 660.10 of the Criminal Procedure Law, which authorizes this procedure, states:
“After a defendant has been arraigned upon an accusatory instrument, and under circumstances prescribed in this article, a criminal court may, upon application of either the people or a defendant, order that a witness or prospective witness in the action be examined conditionally under oath in order that such testimony may be received into evidence at subsequent proceedings in or related to the action.”
Professor Preiser in the Practice Commentary accompanying this section noted: “The examination together with cross-examination is conducted in the same manner as at trial (CPL § 660.60) under supervision of the court that grants the application (CPL § 660.50 [2]).” (McKinney’s Cons Laws of NY, Book 11A, CPL 660.10, at 369.)
Section 660.60 (1) provides:
“The examination proceeding must be conducted in the same manner as would be required were the witness testifying at a trial, and must be recorded in such fashion as the court has directed pursuant to subdivision three of section 660.50 of this chapter. The witness must testify under oath. The applicant party must first examine the witness and the respondent party may then cross-examine him, with each party entitled to register objections and receive rulings of the court thereon.”
It is, therefore, clear that the procedure outlined in this article, which requires the witness to testify under oath, be examined, and cross-examined under court supervision so that objections can be ruled on and appropriate evidentiary rulings made is designed so that both parties are in the same position as they would be at trial in order that the testimony may be used.
*509 It, therefore, follows that discovery, commensurate with this status, is appropriate and required.
In the instant case, the defendant served and filed a detailed demand for discovery and exculpatory material pursuant to section 240.20 of the Criminal Procedure Law at the time of arraignment on June 6, 2002. During the appearance of June 28, 2002, the People informed the court that this demand had been complied with. The People, in their response, concede that the defendant would be entitled to discovery of the victim’s prior statements and testimony prior to the conditional examination pursuant to People v Rosario (9 NY2d 286 [1961]), but contend that the remainder of the defendant’s request concerning other witnesses is not authorized.
The court believes, to the contrary, that articles 240 and 660 of the Criminal Procedure Law demand more. Since article 660 provides that the conditional examination may be utilized in place of and instead of an actual appearance of the victim at trial with the prescribed safeguards discussed above, it follows that the timing of the disclosure requirements contained in section 240.45 of the Criminal Procedure Law is triggered by the granting of this application. Section 240.45 (1) provides: “After the jury has been sworn and before the prosecutor’s opening address, or in the case of a single judge trial after commencement and before submission of evidence, the prosecutor shall, subject to a protective order, make available to the defendant * * * .”
The section thereupon lists a variety of different types of evidence generally considered to be impeachment material. In this regard, it is significant to note that the statute does not authorize the disclosure of this material in piecemeal fashion immediately prior to the particular witness testifying as was formerly the practice prior to the enactment of the statute, but requires it be done in toto at the outset of the prosecution’s case. Implicit in this requirement is the recognition that the right to confrontation in this state encompasses more than simply impeachment of that particular witness with that witness’ prior statements alone. Rather, it contemplates affording each party the right to formulate trial strategy and engage in cross-examination based upon a knowledge of the opponent’s complete case. In the decade and a half that followed the enactment of this statute, a spirited debate occurred involving the sanction to be imposed for a violation of this rule (see, People v Ranghelle, 69 NY2d 56 [1986]; People v Jones, 70 NY2d 547 [1987]; People v Jackson, 78 NY2d 638 [1991]), culminating in *510 the enactment of section 240.75 of the Criminal Procedure Law. Since the People, by seeking the relief afforded in article 660, have sought to preserve the testimony of the victim in anticipation of using the conditional examination at trial, they have ipso facto accelerated the timing of disclosure pursuant to section 240.45 of the Criminal Procedure Law. The court further believes that Matter of Catterson v Rohl (202 AD2d 420), Matter of Hynes v Cirigliano (180 AD2d 659), Matter of Pirro v LaCava (230 AD2d 909) and Matter of Catterson v Jones (233 AD2d 502) are inapposite since the court has not authorized, discovery for which there is no basis but only that material required to be disclosed under article 240. Likewise, the court does not believe that the cases cited by the People under article 670 of the Criminal Procedure Law are persuasive. Those cases involve the use of testimony from a prior proceeding where the accused had the opportunity to confront and cross-examine and the witness had suddenly become unavailable. Here, the defendant has never had an opportunity to engage in the right to confrontation.
In making this determination, the court finds no authority for the proposition that the defendant is entitled to the People’s voir dire or opening statement. It is obvious that such disclosure is not required since neither are evidence in the case and the trial jury is instructed to that effect. Moreover, section 240.45 of the Criminal Procedure Law is explicit that disclosure of those evidentiary items required under it is not authorized until after these two events have occurred.
Accordingly, the court orders that the People are directed to furnish to the defendant any and all items required to be disclosed pursuant to section 240.45 of the Criminal Procedure Law 24 hours prior to the conditional examination which has been ordered herein.