People v Santos (2002 NY Slip Op 50714(U))

[*1]

People v Santos

2002 NY Slip Op 50714(U)

Decided on September 19, 2002

Supreme Court, New York County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 19, 2002

Supreme Court, New York County
 THE PEOPLE OF THE STATE OF NEW YORK, ——
against
STEVEN SANTOS, Defendant.
Ind. No. 4041/02

Edward J. McLaughlin, J.
During the pre-indictment stage of this case, defendant filed a notice of intent to testify at the Grand Jury. Soon afterward, defendant requested that the prosecutor disclose certain evidence and provide certain assurances about how she would conduct the Grand Jury presentation. Defendant contended that he could not intelligently decide whether to testify at the Grand Jury unless she granted his requests. The prosecutor gave defendant an answer to his requests, but defendant informed the prosecutor that her answer was "non-responsive" and that, as a result, he had decided not to testify. Defendant now moves to dismiss the indictment on the ground that he was constructively denied his right to testify at the Grand Jury and present evidence to the Grand Jury by the prosecutor's "non-responsive" answer. The motion is denied.
One of defendant's requests was for disclosure of his oral and written statements to law enforcement agents. Defendant was not entitled to discovery of his statements before a Grand Jury had voted to indict. C.P.L. § 240.20[1][a]; Matter of Hynes v. Cirigliano, 180 A.D.2d 659 (2d Dept. 1992). This court rejects defendant's claim that the federal and state constitutions grant him extra discovery rights because this is a potential capital case. Brown v. Appleman, 241 A.D.2d 279, 285 (2d Dept. 1998). This court also rejects defendant's claim that his statements constituted exculpatory evidence that had to be disclosed before he testified at the Grand Jury. See People v. Davis, 184 Misc.2d 680, 687-688 (Sup. Ct., Kings Co. 2000) (only exculpatory evidence that might obviate a prosecution need be disclosed to the Grand Jury or to defendant for use at the Grand Jury). In short, defendant was not entitled to a preview of the full contents of his statements simply because he had filed a notice of his intent to testify at the Grand Jury.
Neither has defendant provided any authority for his being entitled to the prosecutor's assurance that she would conduct the Grand Jury proceedings in accordance with defense requests. Moreover, some of those requests have no legal basis. For instance, defendant has no common-law right to a mercy-dispensing instruction. People v. Harris, 2002 W.L. 1461372, n. 6 (2002). And he has not supplied any authority for his argument that such an instruction is compelled as a matter of due process. He also has failed to show that this case generated the level of media attention that would require a voir dire of the Grand Jury members to assess whether the media attention had tainted their impartiality. Compare In re the Grand Jury Investigation of the Death of Amadou Diallo, 180 Misc.2d 223 (Sup. Ct., Bx. Co. 1999).
This constitutes the decision and order of this court.
[*2]
Dated:September 19, 2002
J.
Decision Date: September 19, 2002