■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASPER CIPPOLA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Sharpe, J.), rendered December 5, 1980, convicting him of reckless endangerment in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The trial court, with respect to

defendant's alibi defense, instructed the jury to "carefully weigh the testimony of the alibi witnesses". The court failed to give a similar charge with respect to the testimony of the identification witnesses and thereby unfairly singled out the alibi testimony as deserving special attention. This was error (*People v Daniels,* 88 AD2d 392; *People v Fludd,* 68 AD2d 409, 411; cf. *People v Whalen,* 59 NY2d 273, 279). The trial court also failed to explicitly charge that defendant bore no burden of proof with respect to his alibi (*People v Fludd, supra*). Further, the prosecutor commented in his summation, over the defendant's objection, on the failure of two alibi witnesses to present their exculpatory testimony to the Grand Jury. This line of attack on a witness' veracity has been deemed "[p]articularly suspect" (*People v Dawson,* 50 NY2d 311, 323). Here, no foundation was laid upon which such an argument could be based, since there was no showing that the witnesses in question had access to the Grand Jury (see *People v Dawson, supra*). Moreover, the prosecutor, in the course of this argument, improperly referred to the dates of the Grand Jury proceedings, which were matters not in evidence (see *People v Ashwal,* 39 NY2d 105, 109-110). On this record, where the identification issue was closely contested, there is a substantial likelihood that this improper attack on the alibi witnesses' credibility prejudiced the jury against defendant. These errors would mandate reversal even if the court's alibi charge had been correct. We have examined defendant's remaining contention and find it to be without merit. Mollen, P. J., Mangano, Thompson and Niehoff, JJ., concur.