■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BORGOS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered May 26, 1988, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that since the defendant was holding the victim when the victim was stabbed by his codefendant, the evidence was legally sufficient to establish that the defendant shared his codefendant's intent to cause serious physical injury (see, Penal Law § 20.00; People v Allah, 71 NY2d 830, 832; People v Whatley, 69 NY2d 784, 785; People v La Belle, 18 NY2d 405, 412). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant further argues that the trial court violated the holding of Bruton v United States (391 US 123) by admitting into evidence a videotaped statement by his jointly tried codefendant. Although the original videotape statement did contain references to the defendant's presence at the scene, the trial court effectively redacted the tape by deleting any reference to the defendant's presence (see, People v Wheeler, 62 NY2d 867; People v Smalls, 55 NY2d 407). Additionally, the trial court properly instructed the jury that it could not use the tape in any way against the defendant (see, Richardson v Marsh, 481 US 200). Under these circumstances, the defendant's right of confrontation was not violated (see, People v Brown, 158 AD2d 461; People v Marcus, 137 AD2d 723). Thompson, J. P., Lawrence, Kunzeman and Rosenblatt, JJ., concur.