■ In the Matter of FLOYD SUMMERVILLE, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [606 NYS2d 73] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

A misbehavior report issued by a correction counselor charged petitioner with assault of another inmate. The report alleged that a confidential source had revealed to the correction counselor that petitioner had assaulted another inmate by striking him in the face. Petitioner denied having been in the weight room, where the assault occurred, and offered the testimony of two inmates to establish an alibi. The Hearing Officer, who personally interviewed the confidential informant, found petitioner guilty and imposed various penalties. This finding was administratively affirmed.

The informant's testimony provided substantial evidence of petitioner's guilt (see, Matter of Ruiz v Coughlin, 184 AD2d 818, 819). Petitioner contends that the alibi testimony he submitted must be accepted because the informant's testimony was incredible and uncorroborated. We reject the argument. It is within the exclusive province of the Hearing Officer to pass upon issues of credibility (Matter of Hernandez v LeFevre, 150 AD2d 954, 955, lv denied 74 NY2d 615), which is the situation presented here by the conflicting testimony.

Weiss, P. J., Mercure, White and Mahoney, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.