■ ROBERT M. MORGENTHAU, as District Attorney of New York County, Appellant, v DANIEL YOUNG et al., Respondents. [611 NYS2d 855] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about November 1, 1993, which, in a forfeiture proceeding pursuant to CPLR article 13-A, denied plaintiff District Attorney's motion to quash defendants' subpoenas directing two prosecution witnesses in the underlying criminal action to testify before a Special Referee at a hearing previously ordered in connection with the District Attorney's application for an attachment of the proceeds or substituted proceeds of defendants' alleged crimes, unanimously affirmed, without costs.

Preliminarily, we agree with the District Attorney that he has standing to move to quash subpoenas that would have an impact on the underlying criminal case *(see, Matter of Morgenthau v Cooke,* 56 NY2d 24, 30), that the order denying such motion is appealable *(Matter of Cunningham v Nadjari,* 39 NY2d 314, 317), and that by merely stipulating to adjourn the hearing he made no concessions concerning what type of hearing would be held or which witnesses would be called.

In order to invoke the provisional remedy of attachment under the asset forfeiture statute, the District Attorney, as "claiming authority", was required to demonstrate, *inter alia,* "a substantial probability that [it] will prevail on the issue of forfeiture" (CPLR 1312 [3] [a]). The District Attorney contends that the IAS Court improperly granted an evidentiary hearing on that subject, but the issue is not reviewable because of the District Attorney's failure to appeal from the appealable order of reference to hear and report *(General Elec. Co. v Rabin,* 177 AD2d 354, 356-357), which implicitly directed an evidentiary proceeding comparable to a nonjury trial *(see,* CPLR 4320 [a]). In any event, the IAS Court had the discretion to order an

evidentiary hearing *(see, Kuriansky v Bed-Stuy Health Care Corp.,* 135 AD2d 160, 170-171, *affd* 73 NY2d 875), and properly exercised it, since the mere summaries of defendants' conversations making up the District Attorney's written submissions are susceptible to differing interpretations and show less than a substantial probability that the underlying banking transaction was criminal in nature. This apparent factual dispute also made it a proper exercise of discretion to permit defendants to subpoena the other participants in these conversations, who will be the main prosecution witnesses in the underlying criminal case. The policy considerations that normally weigh against the use of compulsory process to obtain wide-ranging disclosure in a criminal case *(see, People v Chipp,* 75 NY2d 327, 337-338) are outweighed in this civil proceeding by the need to show a substantial probability of convictions, attributable to the District Attorney's persistence in seeking the attachment. Concur—Murphy, P. J., Carro, Asch, Nardelli and Williams, JJ.