■ In the Matter of ENRIQUE GUILLEN, Respondent, v CHARLES SCULLY et al., Appellants. [625 NYS2d 263] —In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York Department of Correctional Services dated November 27, 1992, which affirmed a decision of a Hearing Officer dated October 1, 1992, after a Tier III Superintendent's hearing, finding the petitioner guilty of violations of institutional rules and imposing penalties, the appeal is from a judgment of the Supreme Court, Dutchess County (Bernhard, J.), dated June 28, 1993, which granted the petition and annulled the determination.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the determination of the Commissioner of the New York Department of Correctional Services dated November 27, 1992, is confirmed, and the proceeding is dismissed, on the merits.

The petitioner was charged in an Inmate Misbehavior Report with possessing a weapon, i.e., a knife, in violation of prison rules. The charge was based upon information supplied by a confidential informant. After a Tier III Superintendent's hearing, the Hearing Officer found the petitioner guilty of the charge, and the Commissioner of the New York Department of Correctional Services, in a determination dated November 27, 1992, affirmed that decision. The Supreme Court annulled the determination. We disagree.

The record indicates that a Hearing Officer personally interviewed the confidential informant, and the record establishes that the informant's testimony was sufficiently detailed to allow the Hearing Officer to assess his credibility and to form

a basis for the finding of guilt *(see, Matter of Summerville v Coughlin,* 199 AD2d 867; *Matter of Martin v Coughlin,* 173 AD2d 1039; *Matter of McClean v LeFevre,* 142 AD2d 911; *see also, Matter of Abdur-Raheem v Mann,* 85 NY2d 113).

Accordingly, the determination is confirmed. Bracken, J. P., Pizzuto, Hart and Krausman, JJ., concur.