■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACY WHITE, Appellant. [665 NYS2d 669] —Appeals by the defendant from two judgments of the County Court, Rockland County (West, J.), both rendered April 4, 1995, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. 94-181, and criminal possession of a controlled substance in the third degree under Indictment No. 94-270, upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony regarding Indictment No. 94-181.

Ordered that the judgments are affirmed.

The photographic identification of the defendant was made by two trained, undercover police officers who, approximately two hours earlier, observed him during their face-to-face drug purchase transactions. Under these circumstances, the hearing

court properly concluded that the single-photo identification was merely confirmatory (*see, People v Montgomery,* 88 NY2d 926; *People v Dixon,* 85 NY2d 218; *People v Lane,* 185 AD2d 282; *People v Polanco,* 179 AD2d 531). Accordingly, the court did not err in summarily denying that branch of the defendant's omnibus motion which was to suppress the officers' identification testimony.

In view of our determination with respect to the defendant's conviction under Indictment No. 94-181, there is no basis for vacatur of his plea under Indictment No. 94-270 (*cf., People v Clark,* 45 NY2d 432). Ritter, J. P., Copertino, Florio and Luciano, JJ., concur.