■ In the Matter of CITY OF NEW YORK, Appellant, v KEVIN GENTILE, Respondent. [669 NYS2d 854] —In a proceeding pursu-

ant to CPLR 2304 to quash a subpoena duces tecum issued by the Supreme Court, Queens County, in a criminal action entitled *People v Gentile,* pending under Indictment No. 2612/96, the petitioner appeals from an order of the Supreme Court, Queens County (Appelman, J.), dated May 22, 1997, which denied the application.

Ordered that the order is reversed, on the law, without costs or disbursements, and the application to quash is granted.

The Supreme Court erred in granting the defendant's application to discover certain police records in connection with his pending criminal action since there is no statutory basis for such discovery (*see, Matter of Pirro v LaCava,* 230 AD2d 909, 910). Discovery which is unavailable pursuant to statute may not be ordered based on principles of due process because "there is no general constitutional right to discovery in criminal cases" (*Matter of Miller v Schwartz,* 72 NY2d 869, 870, citing *Weatherford v Bursey,* 429 US 545, 559). Therefore, the petitioner's motion to quash the subpoena should have been granted. O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.