■ Robert M. Morgenthau, Appellant, v Constantine Eliopoulos, Respondent. [702 NYS2d 813] —Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about March 23, 1999, which held plaintiff's order to show cause seeking a preliminary injunction in abeyance pending a fact-finding hearing to determine plaintiff's entitlement to such relief, unanimously affirmed, without costs.

The court properly exercised its discretion in ordering a fact-finding hearing since the parties' averments reveal that the facts pertinent to assessing the likelihood of plaintiff's success on the merits in this forfeiture proceeding are disputed (see, Morgenthau v Young, 204 AD2d 118; Dillon v Schiavo, 114 AD2d 924, lv dismissed 67 NY2d 605).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Rosenberger, J. P., Williams, Saxe and Buckley, JJ.

■ The People of the State of New York, Respondent, v David Cepeda, Appellant. [703 NYS2d 718] —Judgment, Supreme Court, New York County (Allen Alpert, J.), rendered November 13, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

Defendant's suppression motion was properly denied. Defendant never requested a hearing as to the probable cause for his arrest and never raised the issue during the hearings conducted. He cannot now raise the issue for the first time on appeal. In any event, from the testimony at the hearing, the only reasonable inference that may be drawn was that defendant was arrested on the basis of a detailed, accurate description radioed by the undercover officer to the entire field team (see, People v Gonzalez, 91 NY2d 909). Concur—Sullivan, J. P., Mazzarelli, Ellerin, Lerner and Friedman, JJ.