■ In the Matter of Richard A. Brown, Petitioner, v Joseph Grosso, as Justice of the Supreme Court of the State of New York, et al., Respondents. [729 NYS2d 492] —Proceeding pursu-

ant to CPLR article 78 in the nature of prohibition to prohibit the enforcement of two orders of the Supreme· Court, Queens County, dated September 21, 2000, and November 14, 2000, respectively, which, *inter alia,* denied a petition of the City of New York to quash subpoenas duces tecum, on the ground that the respondent Joseph Grosso, a Justice of the Supreme Court, Queens County, lacked the authority to issue the orders.

Motion by the respondent William Hodges to dismiss the proceeding on the ground, *inter alia,* that the proceeding is time-barred.

Ordered that the motion is denied; and it is further,

Adjudged that the petition is granted, without costs or disbursements, enforcement of the orders is prohibited, the subpoena duces tecum served upon the District Attorney is quashed, and the subpoena duces tecum served upon the Civilian Complaint Review Board is quashed to the extent it has not been complied with.

William Hodges was involved in an altercation with two police officers. During the course of a struggle, one officer's gun discharged, shooting the officer in the hip. Hodges was charged under Queens County Indictment No. 3345/99 with attempted murder in the first degree. The prosecution alleged that Hodges had his hand on the gun when it fired, whereas Hodges alleged that the officer accidentally shot·himself. In connection with his defense, Hodges served subpoenas duces tecum upon the Queens County District Attorney, the New York City Police Department, and the Civilian Complaint Review Board. By order dated September 21, 2000, the Supreme Court denied a petition of the City of New York to quash the subpoenas duces tecum and directed the District Attorney and the New York City Police Department to "forward all their records and documents to the defense, regarding the investigation as it relates to defendant [William] Hodges, only." By order dated November 14, 2000, the Supreme Court granted the District Attorney's motion to reargue and, upon reargument, adhered to the original determination and directed the Civilian Complaint Review Board to produce the records and documents. The City appealed from the order dated September 21, 2000 (*see, Matter of City of New York v Hodges,* 285 AD2d 645 [decided herewith]), and the District Attorney commenced this proceeding in the nature of prohibition to prohibit the enforcement of the orders. Hodges moved to dismiss the proceeding on the ground, *inter alia,* that the proceeding is time-barred.

There is no general constitutional right to discovery in a criminal prosecution (*see, Matter of Miller v Schwartz,* 72 NY2d

869, 870). Rather, discovery is a matter of statute. Where no statutory right of discovery is provided, no substantive right of discovery exists (*see, Matter of Miller v Schwartz, supra; Matter of Pittari v Pirro,* 258 AD2d 202; *Matter of Brown v Appelman,* 241 AD2d 279; *Matter of Sacket v Bartlett,* 241 AD2d 97; *Matter of City of New York v Gentile,* 248 AD2d 382; *Matter of Pirro v LaCava,* 230 AD2d 909; *Matter of Catterson v Rohl,* 202 AD2d 420). A criminal defendant's rights to discovery are contained in CPL article 240 (*see, Matter of Pittari v Pirro, supra; Matter of Brown v Appelman, supra*). CPL article 240 requires disclosure, *inter alia,* of *Rosario* (*see, People v Rosario,* 9 NY2d 286, *cert denied* 386 US 866) and *Brady* (*see, Brady v Maryland,* 373 US 83) material, and the prosecution is under a continuing duty to act in good faith and to preserve all evidence to which a defendant is entitled (*see, Matter of Brown v Appelman, supra*). However, there is no statutory right entitling a defendant to disclosure of "[a]ll reports, memoranda, documents, interview reports, and analyses concerning or relating to [an ongoing] investigation" as demanded in the subpoenas served upon the petitioner, nor to any documents in the possession of the Civilian Complaint Review Board. Similarly, there is no statutory right to compel the New York City Police Department or its Internal Affairs Bureau to turn over the 11 different categories of documents demanded of it.

A criminal defendant may not circumvent the statutes delineating his or her limited right to discovery by the use of the trial court's subpoena power (*see, Matter of Terry D.,* 81 NY2d 1042; *Matter of Pirro v LaCava, supra; Matter of Constantine v Leto,* 157 AD2d 376, *affd* 77 NY2d 975). Moreover, because there is no constitutional right to discovery, discovery in excess of that which is authorized may not be granted based upon principles of due process (*see, Matter of City of New York v Gentile, supra; Matter of Pirro v LaCava, supra*).

Here the Supreme Court's orders of discovery exceeding that permitted by statute was a misuse of the subpoena power. Accordingly, the subpoenas are quashed and prohibition is granted (*see, Matter of County of Nassau Police Dept. v Judge,* 237 AD2d 354; *Matter of Suffolk County Med. Examiner,* 215 AD2d 705; *Matter of County of Nassau v Sullivan,* 194 AD2d 236; *Matter of Constantine v Leto, supra*). We note that the subpoena served upon the Civilian Complaint Review Board is quashed only to the extent that it has not been complied with (*see, Matter of Brunswick Hosp. Ctr. v Hynes,* 52 NY2d 333, 336).

Contrary to the contentions of the respondent William

Hodges, this proceeding is not time-barred (*see,* CPLR 217; *Matter of Yarbough v Franco,* 95 NY2d 342). In addition, the District Attorney had standing to seek prohibition of the enforcement of the subpoena served upon the Civilian Complaint Review Board (*see, Matter of Pirro v LaCava,* 230 AD2d 909; *Morgenthau v Young,* 204 AD2d 118; *Matter of Morgenthau v Cooke,* 85 AD2d 463, *mod* 56 NY2d 24).

The respondents' remaining contentions are without merit. O'Brien, J. P., S. Miller, Schmidt and Cozier, JJ., concur.