■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BREEN, Appellant. [738 NYS2d 876] —Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered March 26, 1996, convicting him of arson in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should not be disturbed unless clearly unsupported by the record (*cf., People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Contrary to the defendant's contentions, the cumulative effect of alleged errors does not require reversal (*see, People v Crimmins,* 36 NY2d 230, 243). Any testimony elicited at the trial concerning inappropriate behavior by the defendant before the fire in question was either relevant to the defendant's motive and intent (*see, People v Alvino,* 71 NY2d 233, 241-242), or, if its admission was error, the error was cured by the court (*see, People v Biggs,* 280 AD2d 484). The court also properly denied the defendant's request for a missing witness charge, since the defendant did not request that charge until after both sides rested (*see, People v Woodford,* 200 AD2d 644). Moreover, the testimony would have been cumulative (*see, People v*

*Harris,* 245 AD2d 302). The defendant's arguments on appeal concerning the prosecutor's summation are largely unpreserved for appellate review (*see, People v Hilliard,* 279 AD2d 590). In any event, the challenged remarks constituted fair comment on the evidence, and thus, were permissible (*see, People v Hilliard, supra*).

The defendant's remaining contention is without merit. S. Miller, J.P., Schmidt, Crane and Cozier, JJ., concur.