THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL BRAVO, Appellant. [894 NYS2d 465]—

The defendant's contention that the jury instructions were erroneous is unpreserved for appellate review (*see People v Floyd*, 34 AD3d 494, 495 [2006]). In any event, this Court is persuaded that the jury would have "gathered from [the] language [of the instructions] the correct standard to be applied [in reaching] its decision" (*People v Lopez*, 200 AD2d 767, 768 [1994]), and that the trial court's error, if any, did not deny the defendant a fair trial (*see People v Saunders*, 64 NY2d 665 [1984]).

The defendant also contends that the judgment of conviction should be reversed upon the ground of prosecutorial misconduct. His contention regarding the prosecutor's alleged exaggeration or misstatement of the evidence is unpreserved for appellate review (*see People v Williams*, 8 NY3d 854, 855 [2007]) and, in any event, without merit, as the prosecutor's statements consisted of "fair comment[ary] upon the evidence or a fair response to the defense summation" (*People v White*, 5 AD3d 511, 511 [2004]).

Contrary to the defendant's contention that reversal is warranted since the prosecutor improperly vouched for her witnesses, the trial court "dissipated the prejudice by promptly and clearly advising the jury that the comments were improper and must be completely disregarded" (*People v Ashwal*, 39 NY2d 105, 111 [1976]). Likewise, contrary to the defendant's contention that reversal is warranted since the prosecutor improperly referred to redacted portions of certain documents otherwise admitted into evidence—which the People correctly concede was improper—the references did not "violate[ ] the defendant's fundamental right to a fair trial" (*People v Adamo*, 309 AD2d 808, 809 [2003] [internal quotation marks omitted]). In any event, any error in this regard was harmless, as the evidence of the defendant's guilt was overwhelming, and there was no "significant probability that the defendant would have been acquitted if the [references] had not been made" (*id.*). To the extent that the prosecutor exceeded the bounds of permissible rhetorical comment or made other improper remarks during summation, any error was harmless (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Adamo*, 309 AD2d at 809). Skelos, J.P., Dickerson, Lott and Roman, JJ., concur.