THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY WHITLOCK, Appellant. [943 NYS2d 227]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered August 11, 2008, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On April 27, 2005, at about 5:00 P.M., Carl Murray, Jr., drove to Beach 54th Street and Beach Channel Drive in Queens with his then-15-year-old son seated in the passenger seat of his car and his then eight-year-old son in the back seat. As Murray was parking his car, a gunman fired at him through the windshield of the vehicle. Murray's older son ducked down and exited the car as Murray was struck in the chest with two bullets. When the shooting occurred, Murray's father, brother, and eldest son were standing approximately 8 to 10 feet from his vehicle.

With his younger son still in the car, Murray drove himself to a hospital one block away, where he collapsed in the doorway of the emergency room, and later died from his wounds. Just after Murray arrived at the hospital, a police officer heard Murray's younger son say, "C-Low shot Daddy," referring to the defendant by his "street" name.

Although the defendant was ordinarily seen in the area where the shooting occurred, he was not located until he surrendered to the police on an unrelated charge eight months after the shooting. The defendant was charged, inter alia, with murder in the second degree after Murray's younger son identified the defendant as the shooter in a six-person lineup.

Murray's younger son, who was by then 11 years old, testified at the defendant's jury trial. The defendant was convicted of murder in the second degree, criminal possession of a weapon in the second degree, and endangering the welfare of a child. The defendant appeals. We affirm the judgment of conviction.

In determining whether a statement is admissible under the excited utterance exception to the hearsay exclusionary rule, a court must determine whether "at the time the utterance was made, the declarant was under the stress of excitement caused by an external event sufficient to still his reflective faculties, thereby preventing opportunity for deliberation which might lead the declarant to be untruthful" (*People v Edwards*, 47 NY2d 493, 497 [1979]; *see People v Vasquez*, 88 NY2d 561, 574 [1996]).

The circumstances surrounding the identification of the defendant by Murray's younger child reflected not only the child's familiarity with the defendant, whom the child saw around the neighborhood in which the crime occurred when accompanied by his father, but the child's youth, as well as his emotional state after witnessing his father being shot through the windshield of the car in which he was a passenger, accompanying his wounded father to the hospital, and seeing him collapse. The evidence, therefore, justified the conclusion that the child's statement was not made "under the impetus of studied reflection" (*People v Edwards*, 47 NY2d at 497), and permits a reasonable inference that the child had an opportunity to observe the shooting (*see People v Clemente*, 84 AD3d 829, 830 [2011]; *People v Young*, 308 AD2d 555, 556 [2003]). Accordingly, it was not error to allow the statement into evidence as an excited utterance.

The defendant's request for a missing witness charge following the close of the evidence at trial was untimely (*see People v Sealy*, 35 AD3d 510, 510 [2006]; *People v Breen*, 292 AD2d 459,

459 [2002]). In any event, the defendant failed to meet his burden of establishing his prima facie entitlement to a missing witness charge in the absence of any evidence that the uncalled witnesses had knowledge of a material issue or would provide noncumulative testimony, particularly in light of the investigating officer's testimony that he interviewed the uncalled witnesses, each of whom told him that they did not see who shot Murray (*see People v Rodriguez*, 77 AD3d 975, 976 [2010]).

The defendant's contentions that certain comments made by the prosecutor during her summation were improper and deprived him of a fair trial are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]; *People v Adams*, 93 AD3d 734 [2012]; *People v Cass*, 79 AD3d 768, 769 [2010], *affd* 18 NY3d 553 [2012]; *People v Gregory*, 55 AD3d 752 [2008]; *People v Salnave*, 41 AD3d 872, 874 [2007]), with the exception of one comment concerning the defendant's "arrogance" and his reliance on the "code of the streets." In any event, the remarks challenged by the defendant's unpreserved contentions were within the broad scope of rhetorical comment permissible in closing arguments, were fair comment on the evidence, or were responsive to defense counsel's assertions on summation (*see People v Stewart*, 89 AD3d 1044, 1045 [2011]; *People v Sharpe*, 87 AD3d 1168, 1169 [2011]; *People v Cass*, 79 AD3d at 769). As for the defendant's preserved contention, any error resulting from the remark was harmless (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Masaguilar*, 86 AD3d 619, 620 [2011]; *People v Bravo*, 69 AD3d 870, 871 [2010]).

Contrary to the defendant's contention in his pro se supplemental brief, the testimony at the *Rodriguez* hearing (*see People v Rodriguez*, 79 NY2d 445 [1992]) established that his identification by Murray's youngest son in a single photograph was merely confirmatory (*see People v Montalvo*, 269 AD2d 328, 329 [2000]; *cf. People v White*, 244 AD2d 516, 516-517 [1997]; *People v Montgomery*, 213 AD2d 563, 564 [1995], *affd* 88 NY2d 926 [1996]), and he was not entitled to a *Wade* hearing (*see United States v Wade*, 388 US 218 [1967]) on that issue (*see People v Rodriguez*, 79 NY2d at 450; *People v Montgomery*, 213 AD2d at 564).

The defendant's remaining contentions raised in his pro se supplemental brief regarding the prosecutor's alleged misconduct during summation are upreserved for appellate review and, in any event, either are without merit or constitute harmless error. Dillon, J.P., Dickerson, Hall and Austin, JJ., concur.