*765 The defendant’s contention that the evidence was not legally sufficient to support the convictions of murder in the second degree is unpreserved for appellate review (see CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution, we find that those convictions were supported by legally sufficient evidence (see People v Contes, 60 NY2d 620, 621 [1983]). Further, upon our independent review of the evidence, we are satisfied that the verdict of guilt on those charges was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]; People v Romero, 7 NY3d 633 [2006]).
The defendant failed to preserve for appellate review his present contention that the prosecutor improperly elicited hearsay testimony from an eyewitness, namely, that while at the time of the murder, the eyewitness thought the coworker whom he had identified as the shooter was named “Ramel,” he learned later from his girlfriend, who also worked with the defendant, that the coworker’s name was “Rahman,” which is the defendant’s first name (see CPL 470.05 [2]). However, reaching the issue in the exercise of our interest of justice jurisdiction, we conclude that it was error to admit such testimony. Contrary to the People’s contention, this testimony was not properly admitted to “complete the narrative” of how the eyewitness came to know “Ramel’s” true name. This is not a case, for example, in which a police witness testifies to information he learned from a nontestifying witness, not for the truth of the information, but to explain the police conduct (see e.g. People v Tucker, 54 AD3d 1065 [2008]; People v Monroe, 216 AD2d 494 [1995]). Rather, here, the testimony was offered for its truth, i.e., to prove that the person the eyewitness saw shoot the victim was, in fact, Rahman. Accordingly, the testimony was improperly admitted, as it was inadmissible hearsay (see generally People v Kass, 59 AD3d 77, 86 [2008]). Nevertheless, the error was harmless, since the evidence of the defendant’s guilt was overwhelming and there is no significant probability that the error contributed to his conviction (see People v Crimmins, 36 NY2d 230, 241-242 [1975]). Furthermore, contrary to the defendant’s contention, the error in admitting the hearsay evidence did not violate his right to confront witnesses because the testimony elicited by the People during direct examination did not imply that the eyewitness’s girlfriend viewed the shooting and identified the defendant as the shooter, but, rather, indicated that the *766 girlfriend merely supplied the correct name of the subject coworker (cf. People v Berry, 49 AD3d 888 [2008]; People v Johnson, 7 AD3d 732, 733 [2004]).
The defendant’s contention that the prosecutor improperly questioned a defense witness as to whether he had testified before the grand jury is unpreserved for appellate review. In any event, while the contention has merit (see People v Dawson, 50 NY2d 311, 323 n 5 [1980]; People v Cippola, 96 AD2d 1102 [1983]; see also CPL 190.50 [1]), the error was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
The defendant was afforded the effective assistance of trial counsel (see People v Turner, 5 NY3d 476, 480 [2005]; People v Baldi, 54 NY2d 137, 146-147 [1981]).
Under the circumstances of this case, the imposition of a term of imprisonment of 25 years to life for each of the defendant’s convictions of murder in the second degree was excessive to the extent indicated herein.
The defendant’s remaining contention is without merit. Skelos, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.