■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ASSAD CEDENO, Appellant. [978 NYS2d 328]—

The defendant's contention that the presence of the victim's blood at the crime scene in the vicinity of certain showup identifications rendered related identification testimony inadmissible is unpreserved for appellate review (*see People v Person*, 8 NY3d 973, 974 [2007]; *People v Waters*, 91 AD3d 977 [2012]). In any event, this contention, as well as the defendant's other contentions regarding the court's denial of his motion to suppress certain identification testimony, are without merit. The pretrial showup identifications of the defendant, which took place at the scene of the crime and at the station house, were reasonable under the circumstances and were not unduly suggestive (*see People v Ortiz*, 90 NY2d 533, 533, 537 [1997]; *People v Duuvon*, 77 NY2d 541, 545 [1991]; *People v Calero*, 105 AD3d 864, 865 [2013]; *People v Julien*, 100 AD3d 925, 926 [2012]; *People v Hicks*, 78 AD3d 1075 [2010]; *People v Crumble*, 43 AD3d 953 [2007]; *People v Bitz*, 209 AD2d 709, 709-710 [1994]; *People v Grassia*, 195 AD2d 607 [1993]; *People v Bond*, 156 AD2d 573, 573 [1989]).

The defendant's contention that the trial court improperly admitted prior uncharged crime evidence against him is without merit. Such testimony established the witness's ability to identify the defendant as one of the individuals who participated in the alleged crimes (*see People v Gines*, 36 NY2d 932, 932-933 [1975]; *People v Mobley*, 58 AD3d 756, 756 [2009]). In addition, such testimony was probative of the defendant's motive and intent, and it provided necessary background information about the nature of the relationship between the witness and the defendant, placing the charged conduct in context (*see People v Dorm*, 12 NY3d 16, 19 [2009]; *People v Till*, 87 NY2d 835, 837 [1995]; *People v Thornton*, 105 AD3d 779, 780 [2013]). In light of the trial court's repeated limiting instructions, the probative value of this evidence outweighed the potential prejudice to the defendant (*see People v Winter*, 89 AD3d 966 [2011]; *People v Cornish*, 280 AD2d 552, 553 [2001]).

The defendant's request for a missing witness charge with respect to two witnesses to the subject incident was properly denied by the trial court as untimely (*see People v Whitlock*, 95 AD3d 909, 910 [2012]; *People v Sealy*, 35 AD3d 510 [2006]; *People v Breen*, 292 AD2d 459 [2002]; *People v Woods*, 275 AD2d 332 [2000]). In any event, the defendant failed to meet his burden of establishing his prima facie entitlement to such a charge (*see People v Gonzalez*, 68 NY2d 424, 430 [1986]; *People v Whitlock*, 95 AD3d at 910; *People v Rodriguez*, 77 AD3d 975, 976 [2010]; *People v Smith*, 49 AD3d 904 [2008]).

The trial court's admission of codefendant Jason Villanueva's redacted statement to the police did not violate the rule articulated in *Bruton v United States* (391 US 123 [1968]), because the subject redaction would not have caused the jurors to "realize that the confession refers specifically to the defendant" (*Gray v Maryland*, 523 US 185, 186 [1998]; *see People v Borgos*, 168 AD2d 628 [1990]; *People v Johnson*, 162 AD2d 620, 620-621 [1990]; *People v Marcus*, 137 AD2d 723 [1988]; *cf. People v Khan*, 200 AD2d 129 [1994]; *People v Hussain*, 165 AD2d 538 [1991]; *People v Sutter*, 162 AD2d 644 [1990]).

Furthermore, the admission of Detective Wilkowski's testimony regarding statements made to him by the defendant's self-described girlfriend did not violate the *Bruton* rule (*see Bruton v United States*, 391 US 123 [1968]) or the defendant's right of confrontation (*see People v Wilson*, 101 AD3d 764, 765-766 [2012]; *cf. People v Berry*, 49 AD3d 888, 889 [2008]; *People v Johnson*, 7 AD3d 732 [2004]; *People v Geoghegan*, 68 AD2d 279, 284 [1979], *affd* 51 NY2d 45 [1980]). However, as the defendant correctly contends, the statements made to Wilkowski by the defendant's girlfriend constituted hearsay and, therefore, were not admissible (*see People v Wilson*, 101 AD3d at 765; *People v Kass*, 59 AD3d 77, 86 [2008]). Nevertheless, since the evidence of the defendant's guilt was overwhelming, and there is no significant probability that the error contributed to the defendant's conviction, the error was harmless (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Wilson*, 101 AD3d at 765). Mastro, J.P., Roman, Miller and Hinds-Radix, JJ., concur.