People v Casares (2020 NY Slip Op 05520)





People v Casares


2020 NY Slip Op 05520


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2010-11942
 (Ind. No. 1855/08)

[*1]The People of the State of New York, respondent,
v
Ariel Casares, appellant.


Randall D. Unger, Kew Gardens, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Sharon Y. Brodt, and Nancy Fitzpatrick Talcott of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry Kron, J.), rendered November 22, 2010, convicting him of manslaughter in the first degree, gang assault in the first degree, assault in the first degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new trial.
We agree with the Supreme Court's determination to deny, as untimely, the defendant's request for a missing witness charge with respect to two witnesses to the subject incident (see People v Cedeno, 113 AD3d 695, 697, revd on other grounds 27 NY3d 110; People v Whitlock, 95 AD3d 909, 910; People v Sealy, 35 AD3d 510; People v Breen, 292 AD2d 459; People v Woods, 275 AD2d 332). In any event, the defendant failed to meet his burden of establishing his prima facie entitlement to such a charge (see People v Gonzalez, 68 NY2d 424, 430; People v Cedeno, 113 AD3d at 697; People v Whitlock, 95 AD3d at 910; People v Rodriguez, 77 AD3d 975, 976; People v Smith, 49 AD3d 904).
However, we agree with the defendant that, under the instant circumstances, the Supreme Court's admission of codefendant Jason Villanueva's redacted statement to the police violated the rule articulated in Bruton v United States (391 US 123), because the subject redaction would have caused the jurors to "realize that the confession refers specifically to the defendant" or to one of the other nonconfessing codefendants (People v Cedeno, 27 NY3d at 116 [internal quotation marks omitted]; see Gray v Maryland, 523 US 185, 186; People v Cedeno, 27 NY3d at 120-121). In addition, the error was not harmless. "[I]t cannot be said that 'there is no reasonable possibility that the erroneously admitted [statement] contributed to the conviction'" (People v Cedeno, 27 NY3d at 122, quoting People v Hamlin, 71 NY2d 750, 756), given that the statement was inconsistent with the defendant's justification defense, and the court failed to give the jurors a proper limiting instruction to only consider the statement against Villanueva. Accordingly, the judgment should be reversed and the matter remitted to the Supreme Court, Queens County, for a new trial.
We note that, as the defendant contends and the People concede, the record does not indicate that the Supreme Court considered whether to afford the defendant youthful offender treatment at sentencing (see People v Shehi, 185 AD3d 610; People v Lockwood, 184 AD3d 670).
BALKIN, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court