| **People v Jianqiao Lu** |
| --- |
| 2023 NY Slip Op 34734(U) |
| June 6, 2023 |
| Supreme Court, Westchester County |
| Docket Number: Ind. No. 23-70515-001 |
| Judge: Robert A. Neary |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

FILED
AND
ENTERED
ON 6 - 6 - 2023
WESTCHESTER
COUNTY CLERK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

- against -

JIANQIAO LU,

Defendant.
------------------------------------------------------------------X

NEARY, J.

DECISION AND ORDER

Ind. No. 23-70515-001

The defendant, Jianqiao Lu, has been charged with the crimes of Criminal

Possession of a Weapon in the First Degree, Criminal Possession of a Weapon in the Second

Degree. Criminal Possession of a Weapon in the Third Degree (ninety-five counts) and Criminal

Possession of a Firearm (sixteen counts). The defendant has made an omnibus motion which

consists of a Notice of Motion and an Affirmation in support thereof. In response, the People

have filed an Affirmation in Opposition together with a Memorandum of Law. Having read all



FILED
JUN - 6 2023
TIMOTHY C. ID...
COUNTY CLERK
COUNTY OF WESTCHESTER

of the submitted papers and reviewed the court file, this Court makes the following determination.

1. and 2.      MOTION TO DISMISS THE INDICTMENT OR IN THE ALTERNATIVE TO DISMISS OR REDUCE COUNTS THEREOF ON THE GROUND THAT THE EVIDENCE BEFORE THE GRAND JURY WAS NOT LEGALLY SUFFICIENT PURSUANT TO CPL SECTION 210.20(1)(B) and MOTION TO DISMSIS THE INDICTMENT OR IN THE ALTERNATIVE TO DISMISS OR REDUCE COUNTS THEREOF ON THE GROUND THAT THE GRAND JURY PROCEEDING WAS DEFECTIVE WITHIN THE MEANING OF CPL 210.35, U.S. CONST., AMENDS. VI, XIV, NY CONST., ART. 1, SEC. VI PURSUANT TO CPL SECTION 210.20(1)(C)

The defendant's motion to inspect the Grand Jury minutes is granted. Upon an *in camera* inspection of the Grand Jury minutes by Court, the motion to dismiss the indictment or reduce a charged offense in the indictment is denied.

The Court has reviewed the minutes of the proceeding before the Grand Jury. The Grand Jury was properly instructed (see *People v. Calbud*, 49 NY2d 389, 426 NYS2d 389, 402 NE2d 1140 and *People v. Valles,* 62 NY2d 36, 476 NYS2d 50, 464 NE2d 418) and the evidence presented, if accepted as true would be legally sufficient to establish every element of the offenses charged. [See CPL §210.30(2)]. In addition, the minutes reveal that a quorum of the grand jurors was present during the presentation of evidence and at the time the district attorney instructed the Grand Jury on the law, and that it was instructed that only those grand jurors who had heard all the evidence could participate in voting on the matter.

The Court does not find that the release of the Grand Jury minutes or certain portions thereof to the parties was necessary to assist the Court in making this determination.

[* 2]

*People v. Jianqiao Lu*
Indictment No. 23-70515-001

3., 6., 7. AND 8.      <u>MOTION TO SUPPRESS ANY AND ALL EVIDENCE SEIZED OR DISCOVERED AS A RESULT OF THE UNLAWFUL POLICE CONDUCT INCLUDING BUT NOT LIMITED TO ANY AND ALL PHYSICAL EVIDENCE RECOVERED FROM THE DEFENDANT OR IN THE ALTERNATIVE FOR A *MAPP/DUNAWAY* HEARING PURSUANT TO CPL SECTION 710.20(1), 710.20(4) AND 710.60, MOTION TO SUPPRESS ANY AND ALL PHYSCIAL EVIDENCE SEIZED PURSUANT TO A SEARCH WARRANT BECAUSE NO PROBABLE CAUSE TO ISSUE THE SEARCH WARRANT EXISTED OR IN THE ALTERNATIVE FOR A HEARING FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW UNDER CPL SECTION 710.60, MOTION TO SUPPRESS ANY AND ALL PHSYCIAL EVIDENCE SEIZED PURSUANT TO A SEARCH WARRANT BECAUSE THE SEARCH WARRANT UTILIZED IN THIS CASE WAS CONSTITUTIONALLY OVERBROAD OR IN THE ALTERNATIVE FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW UNDER CPL SECTION 710.60 and MOTION TO SUPPRESS THE PHYSICAL EVIDENCE SEIZED PURSAUNT TO A SEARCH WARRANT AS THE SEIZURES WERE MADE IN VOLATION OF THE DEFENDANT'S RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUION AND ARTICLE 1, SECTION 12 OF THE NEW YORK STATE CONSTITUTION PURSUANT TO CPL SECTIONS 710.20 AND 710.60</u>

The defendant's motion to suppress physical evidence obtained pursuant to a search warrant is denied. The Court has reviewed the affidavit in support of the search warrant in question and finds that it did provide the signing magistrate with probable cause to believe that evidence could be located at the location described in the warrant.

The defendant's motion to controvert the search warrant is denied as he has failed to make the necessary substantial preliminary showing that the warrant was based upon an affidavit containing false statements made knowingly or intentionally or with reckless disregard

Page 3

for the truth.  [See *Franks v. Delaware*, 438 US 154 (1978); *People v. Alfinito*, 16 NY2d 181 (1965); *People v. Katharu*, 7 AD3d 403 (2004); *People v. Rhodes*, 49 AD3d 668 (2008)].

4.    MOTION TO SUPPRESS ANY AND ALL TESTIMONY REGARDING ANY NOTICED STATEMENTS ALLEGEDLY MADE BY THE DEFENDANT, AND ANY OTHER TANGIBLE OR TESTIMONIAL FRUITS OF THE ILLEGAL SEZIURE AND SEARCH OF THE DEFENDANT OR IN THE ALTERNATIVE FOR A *HUNTLEY/DUNAWAY* HEARING PURSUANT TO CPL SECTIONS 710.20(3) AND 710.60

This branch of the defendant's motion is granted to the extent that a *Huntley* hearing shall be held prior to trial to determine whether any statements allegedly made by the defendant, which have been noticed by the People pursuant to CPL §710.30 (1)(a), were involuntarily made by the defendant within the meaning of CPL §60.45 (see CPL §710.20(3), CPL §710.60[3][b]; *People v. Weaver*, 49 NY2d 1012, 429 NYS2d 399, 406 NE2d 1335), obtained in violation of defendant's Sixth Amendment right to counsel, and/or obtained in violation of the defendant's Fourth Amendment rights (see *Dunaway v. New York*, 442 US 200, 99 S. Ct. 2248, 60 LE2d 824).

5.    MOTION TO INVALIDATE THE PEOPLE'S PRIOR CERTIFICATE OF COMPLIANCE AND STATEMENT OF TRIAL READINESS PURSUANT TO CPL SECTION 245.20

The defendant moves to strike the People's Certificate of Compliance and Statement of Readiness as illusory, arguing that their filing before all discovery was disclosed was premature.  The motion to strike is denied.

Perfect compliance is not required by statute before filing a Certificate of Compliance. If the Legislature intended to require complete disclosure of every single discoverable item prior to filing a Certificate of Compliance and Statement of Readiness, it would have explicitly stated as such. [see *People v. Askin*, 68 Misc.3d 372 (County Ct., Nassau County, April 28, 2020) (rejecting claim that complete disclosure of discovery is required before filing Certificate of Compliance as "not reasonable' and "clearly not what the Legislature intended")]. In fact, CPL Article 245 allows for, and mandates, the filing of multiple Certificates of Compliance and such subsequent filings do not negate or vitiate the prior filing of the People if done in good faith and after diligent efforts were made to obtain the required materials. [See *People v. Cano*, 71 Misc.3d 728, 739 (Sup. Ct., Queens County, December 3, 2020); *People v. Percell*, 67 Misc.3d 190 (Criminal Ct., New York County, February 10, 2020].

"By allowing for the possibility that the People be deemed ready even when some discovery is outstanding, the legislature acknowledged that unavoidable delays and unforeseen hurdles may prevent a diligent prosecutor from complying fully with their discovery obligations, despite their best efforts to obtain all the relevant material in a timely fashion." [See *People v. Aquino*, 72 Misc.3d 518 (Criminal Ct., Kings County, May 7, 2021; see also *People v. Weston*, 66 Misc.3d 785 (Criminal Ct., Bronx County, February 20, 2020].

9. and 10.   <u>MOTION FOR A VOLUNTARINESS HEARING TO DETERMINE THE</u>
<u>VOLUNTARINESS OF UNNOTICED STATEMENTS MADE BY THE</u>
<u>DEFENDANT TO POLICE OFFICERS THAT THE PEOPLE INTEND TO USE</u>
<u>ON CROSS-EXAMINATION PURSUANT TO CPL SECTIONS 60.45 AND</u>
<u>710.20(3) and MOTION TO DIRECT THE PEOPLE TO DISCLOSE TO THE</u>
<u>DEFENDANT THE CONTENT OF ALL SUCH STATEMENTS PRIOR TO</u>
<u>THE HOLDING OF THE PRE-TRIAL VOLUNARINESS HEARING</u>

The defendant's motion is denied as speculative and premature.

11.   <u>MOTION TO PRECLUDE THE PEOPLE FROM INTRODUCING EVIDENCE OF</u>
<u>ANY STATEMENT OR IDENTIFICATION TESTIPMONY AT TRIAL FOR WHICH</u>
<u>PROPER NOTICE HAS NOT BEEN GIVEN PURSUANT TO CPL SECTION</u>
<u>710.30(3)</u>

The defendant's motion is denied as speculative and premature.

12.   <u>MOTION TO PRECLUDE AT TRIAL THE USE OF THE DEFENDANT'S PRIOR</u>
<u>CRIMINAL HISTORY OR PRIOR UNCHARGED CIRMINAL, VICIOUS OR</u>
<u>IMMORAL CONDUCT</u>

Immediately prior to commencement of jury selection, the prosecutor shall, upon request of the defendant, notify the defendant of any prior criminal act which the People seek to use in the cross-examination of the defendant as well as all specific instances of the defendant's prior uncharged criminal, vicious or immoral conduct of which the prosecutor has knowledge and which the prosecutor intends to use at trial for the purposes of impeaching the credibility of the defendant. Thereafter, upon the defendant's request, the trial court shall conduct a *Sandoval* and/or *Ventimiglia* hearing prior to the commencement of trial. [See *People v. Sandoval*, 34

NY2d 371 (1974); *People v. Ventimiglia*, 52 NY2d 350 (1981); *People v. Molineux*, 168 NY 264 (1901)].

13.    MOTION TO RESERVE THE DEFENDANT'S RIGHT TO MAKE ADDITIONAL MOTIONS AS NECESSARY

Upon a proper showing, the Court will entertain appropriate additional motions based upon grounds of which the defendant could not, with due diligence, have been previously aware, or which, for other good cause, could not reasonably have been raised in this motion. [See CPL §255.20(3)].

14.    NOTICE OF DEMAND FOR PRESERVATION AND PRODUCTION OF ALL RADIO OR OTHER RECORDED POLICE COMMUNICATIONS

The defendant's motion for discovery is granted to the extent provided for in Criminal Procedure Law Article 245. If any items set forth in CPL Article 245 have not been provided to the defendant pursuant to the Consent Discovery Order in the instant matter, said items are to be provided forthwith.

The People recognize their continuing duty to disclose exculpatory material at the earliest possible date. [See *Brady v. Maryland*, 373 US 83, 83 S Ct. 1194, 10 LE2d 215 and *Giglio v. United States*, 405 US 150, 92 S Ct. 763, 31 LE2d 104]. If the People are or become aware of any material which is arguably exculpatory, but they are not willing to consent to its disclosure, they are directed to disclose such material to the Court for its *in camera* inspection

[* 7]

and determination as to whether such will be disclosed to the defendant.

To any further extent, the application is denied as seeking material or information beyond the scope of discovery. [See *People v. Colavito*, 87 NY2d 423, 639 NYS2d 996, 663 NE2d 308; *Matter of Brown v. Grosso*, 285 AD2d 642, 729 NYS2d 492, *lv. denied* 97 NY2d 605, 737 NYS2d 52, 762 NE2d 930; *Matter of Brown v. Appelman*, 241 AD2d 279, 672 NYS2d 373; *Matter of Catterson v. Jones*, 229 AD2d 435, 644 NYS2d 573; *Matter of Catterson v. Rohl*, 202 AD2d 420, 608 NYS2d 696, *lv. denied* 83 NY2d 755, 613 NYS2d 127, 241 NE2d 279].

This constitutes the opinion, decision and order of this Court.

Dated: White Plains, New York
June 6, 2023

_____
ROBERT A. NEARY
SUPREME COURT JUSTICE

Catalina Blanco Buitrago
Assistant District Attorney
Westchester County
Office of the District Attorney
Richard J. Daronco Courthouse
111 Martin Luther King Blvd.
White Plains, New York 10601
cblancobuitrago@westchesterda.net

Jeremy Saland, Esq.
Saland Law, P.C.
Attorney for Defendant
52 Duane Street, 7th Floor
New York, New York 10007
jsaland@salandlaw.com

[* 8]