| People v McCoy |
| :---: |
| 2023 NY Slip Op 34741(U) |
| August 10, 2023 |
| Supreme Court, Westchester County |
| Docket Number: Ind. No. 23-71184-001 |
| Judge: Robert A. Neary |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

FILED
AND
ENTERED
ON 8 - 10 - 2023
WESTCHESTER
COUNTY CLERK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

- against -

LORENZO McCOY AND NILE McCOY,

Defendants.
------------------------------------------------------------------X

DECISION AND ORDER

Ind. No. 23-71184-001

NEARY, J.

The defendant, Lorenzo McCoy, has been charged with the crimes of Robbery in the First Degree, Robbery in the Second Degree (two counts) and Assault in the Second Degree (two counts). The defendant has made an omnibus motion which consists of a Notice of Motion and an Affirmation and Memorandum of Law in support thereof. In response, the People have filed an Affirmation in Opposition together with a Memorandum of Law. Lastly, the defendant



FILED

AUG 1 0 2023

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

has filed an Affirmation in Reply. Having read all of the submitted papers and reviewed the court file, this Court makes the following determination.

1. and 2.  <u>MOTION TO INSPECT AND DISMISS OR REDUCE THE INDICTMENT PURSUANT TO ARTICLE 210 OF THE CPL ON THE GROUND OF INSUFFICIENCY OF GRAND JURY EVIDENCE and MOTION TO DISMISS PURSUANT TO ARTICLE 210 OF THE CPL BASED UPON DEFECTIVE GRAND JURY PROCEEDINGS</u>

The defendant's motion to inspect the Grand Jury minutes is granted. Upon an *in camera* inspection of the Grand Jury minutes by Court, the motion to dismiss the indictment or reduce a charged offense in the indictment is denied.

The Court has reviewed the minutes of the proceeding before the Grand Jury. The Grand Jury was properly instructed (see *People v. Calbud*, 49 NY2d 389, 426 NYS2d 389, 402 NE2d 1140 and *People v. Valles,* 62 NY2d 36, 476 NYS2d 50, 464 NE2d 418) and the evidence presented, if accepted as true would be legally sufficient to establish every element of the offenses charged. [See CPL §210.30(2)]. In addition, the minutes reveal that a quorum of the grand jurors was present during the presentation of evidence and at the time the district attorney instructed the Grand Jury on the law, and that it was instructed that only those grand jurors who had heard all the evidence could participate in voting on the matter.

The Court does not find that the release of the Grand Jury minutes or certain portions thereof to the parties was necessary to assist the Court in making this determination.

[* 2]

3.    <u>MOTION FOR A SUPPLEMENTAL CERTIFICATE OF COMPLIANCE</u>

The defendant's motion for discovery is granted to the extent provided for in Criminal Procedure Law Article 245. If any items set forth in CPL Article 245 have not been provided to the defendant pursuant to the Consent Discovery Order in the instant matter, said items are to be provided forthwith.

The defendant's motion for a supplemental Certificate of Compliance and Statement of Readiness is denied.

Perfect compliance is not required by statute before filing a Certificate of Compliance. If the Legislature intended to require complete disclosure of every single discoverable item prior to filing a Certificate of Compliance and Statement of Readiness, it would have explicitly stated as such. [see *People v. Askin*, 68 Misc.3d 372 (County Ct., Nassau County, April 28, 2020) (rejecting claim that complete disclosure of discovery is required before filing Certificate of Compliance as "not reasonable' and "clearly not what the Legislature intended")]. In fact, CPL Article 245 allows for, and mandates, the filing of multiple Certificates of Compliance and such subsequent filings do not negate or vitiate the prior filing of the People if done in good faith and after diligent efforts were made to obtain the required materials. [See *People v. Cano*, 71 Misc.3d 728, 739 (Sup. Ct., Queens County, December 3, 2020); *People v. Percell*, 67 Misc.3d 190 (Criminal Ct., New York County, February 10, 2020].

"By allowing for the possibility that the People be deemed ready even when some discovery is outstanding, the legislature acknowledged that unavoidable delays and unforeseen hurdles may prevent a diligent prosecutor from complying fully with their discovery obligations,

[* 3]

despite their best efforts to obtain all the relevant material in a timely fashion." [See *People v. Aquino,* 72 Misc.3d 518 (Criminal Ct., Kings County, May 7, 2021; see also *People v. Weston,* 66 Misc.3d 785 (Criminal Ct., Bronx County, February 20, 2020].

To any further extent, the application is denied as seeking material or information beyond the scope of discovery. [See *People v. Colavito,* 87 NY2d 423, 639 NYS2d 996, 663 NE2d 308; *Matter of Brown v. Grosso,* 285 AD2d 642, 729 NYS2d 492, *lv. denied* 97 NY2d 605, 737 NYS2d 52, 762 NE2d 930; *Matter of Brown v. Appelman,* 241 AD2d 279, 672 NYS2d 373; *Matter of Catterson v. Jones,* 229 AD2d 435, 644 NYS2d 573; *Matter of Catterson v. Rohl,* 202 AD2d 420, 608 NYS2d 696, *lv. denied* 83 NY2d 755, 613 NYS2d 127, 241 NE2d 279].

### 4.    MOTION FOR *GIGLIO* MATERIAL

The People recognize their continuing duty to disclose the terms of any deal or agreement made between the People and any prosecution witness at the earliest possible date. [See *Brady v. Maryland,* 373 US 83, 83 S. Ct. 1194, 10 LE2d 215; *Giglio v. United States,* 405 US 150, 92 S. Ct. 763, 31 LE2d 104; *People v. Steadman,* 82 NY2d 1, 603 NYS2d 382, 623 NE2d 509; *People v. Wooley,* 200 AD2d 644, 606 NYS2d 738, *appeal denied* 83 NY2d 878, 613 NYS2d 138, 635 NE2d 307].

### 5.    MOTION TO SUPPRESS STATEMENTS

This branch of the defendant's motion is granted to the extent that a *Huntley* hearing shall be held prior to trial to determine whether any statements allegedly made by the

defendant, which have been noticed by the People pursuant to CPL §710.30 (1)(a), were involuntarily made by the defendant within the meaning of CPL §60.45 (see CPL §710.20(3), CPL §710.60[3][b]; *People v. Weaver*, 49 NY2d 1012, 429 NYS2d 399, 406 NE2d 1335), obtained in violation of defendant's Sixth Amendment right to counsel, and/or obtained in violation of the defendant's Fourth Amendment rights (see *Dunaway v. New York*, 442 US 200, 99 S. Ct. 2248, 60 LE2d 824).

6.    MOTION TO SUPPRESS IDENTIFICATIONS

This motion is granted with respect to the February 27, 2023 viewing of video stills to the limited extent of conducting a hearing prior to trial to determine whether or not any identifying witness had a prior familiarity with either defendant, the basis of which would render that witness impervious to suggestion with respect to any identification procedure.  [See *People v. Rodriguez*, 78 NY2d 445].

With respect to the viewing at the Grand Jury of video, the motion  is denied. When the People oppose a *Wade* hearing because the parties are known to each other, a court is permitted to consider the Grand Jury testimony. [See *People v. Roriguez*, 47 AD3d 417, 849 NYS2d 232 (1st Dept., 2008); *People v. Rumph*, 248 AD2d 142, 670 NYS2d 68 (1st Dept., 1998); *People v. Won*, 208 AD2d 393, 617 NYS2d 161 (1st Dept., 1994)]. In this case, the witness testimony before the Grand Jury established that the witness was very familiar with the defendant before the witness was asked to identify the defendant in  single photograph and that the identification was merely confirmatory. [See *People v. Rodriguez*, 79 NY2d 445, 451-452, 593 NE2d 268, 583 NYS2d 814 (1992); *People v. Rodriguez*, 111 AD3d 856, 857, 975 NYS2d 132 (2013); *People v. Whitlock,*

95 AD3d 909, 911, 943 NYS2d 227 (2012)]. The record is clear that the identifying witness had a prior familiarity with the defendant, the basis of which would render the witnesses impervious to suggestion with respect to any identification procedure. [See *People v. Rodriguez*, 79 NY2d 445]. Moreover, the viewing in question did not involve anything resembling a selection process. [See *People v. Gee*, 99 NY2d 158].

7.   MOTIONTO PRECLUDE

The defendant's motion is denied as speculative and premature.

8.   MOTION TO SUPPRESS PHYSICAL EVIDENCE

The defendant's motion to suppress physical evidence obtained pursuant to a search warrant is denied. The Court has reviewed the affidavit in support of the search warrant and finds that it did provide the signing magistrate with probable cause to believe that evidence could be located at the location described in the warrant. The Court finds that the warrant and supporting papers were proper in all respects.

The defendant's motion to controvert the search warrant is denied as he had failed to make the necessary substantial preliminary showing that the warrant was based upon an affidavit containing false statements made knowingly or intentionally or with reckless disregard for the truth. [See *Frank v. Delaware*, 438 US 154 (1978); *People v. Alfinito*, 16 NY2d 181 (1965); *People v. Katharu*, 7 AD 403 (2004); *People v. Rhodes*, 49 AD3d 668 (2008)]. In any event, apart from the challenged statements, the remaining facts presented to the issuing magistrate were sufficient to

establish probable cause for the search of the defendant's home. [See *People v. Tambe*, 71 NY2d 492 (1988)].

9.    MOTION FOR *SANDOVAL* HEARING

Immediately prior to commencement of jury selection, the prosecutor shall, upon request of the defendant, notify the defendant of any prior criminal act which the People seek to use in the cross-examination of the defendant as well as all specific instances of the defendant's prior uncharged criminal, vicious or immoral conduct of which the prosecutor has knowledge and which the prosecutor intends to use at trial for the purposes of impeaching the credibility of the defendant. Thereafter, upon the defendant's request, the trial court shall conduct a *Sandoval* and/or *Ventimiglia* hearing prior to the commencement of trial. [See *People v. Sandoval*, 34 NY2d 371 (1974); *People v. Ventimiglia*, 52 NY2d 350 (1981); *People v. Molineux*, 168 NY 264 (1901)].

10.    MOTION FOR LEAVE TO MAKE FURTHER MOTIONS PURSUANT TO SECTION 250.55 OF THE CPL

Upon a proper showing, the Court will entertain appropriate additional motions based upon grounds of which the defendant could not, with due diligence, have been previously aware, or which, for other good cause, could not reasonably have been raised in this motion. [See CPL §255.20(3)].

[* 7]

*People v. Lorenzo McCoy*
Indictment No. 23-71184-001

This constitutes the opinion, decision and order of this Court.

Dated: White Plains, New York
August 10, 2023

_____
ROBERT A. NEARY
SUPREME COURT JUSTICE

Rachel Ehrhardt
Assistant District Attorney
Westchester County
Office of the District Attorney
Richard J. Daronco Courthouse
111 Martin Luther King Blvd.
White Plains, New York 10601
rehrhardt@westchesterda.net

Kevin Kennedy, Esq.
Attorney for Defendant Lorenzo McCoy
2020 Maple Hill Street, #1113
Yorktown Heights, New York 10598
kevinkennedy@kkennedylaw.com

[* 8]